7449

### BARBER v. CRAWFORD.

LIMITATION OF ESTATES—EXECUTORY DEVISE—HEIRS—CHILDREN.—A fee simple estate devised by will cannot be changed into a fee conditional by a general clause in a codicil to the effect that if any of the children devisees die without bodily issue all of said property shall be divided among the surviving heirs of testator, as a fee conditional cannot be created by implication, and there are no express words here vesting an estate in such bodily heirs, but such limitation is good as an executory devise whether the first devisee took a fee simple or fee conditional, and the heirs of testator living at death of first taker,

takes under this limitation, the words "surviving heirs" mean distributees and not children.

Before MEMMINGER, J., Yorkville, August, 1909. Affirmed.

Action by T. Emiline Barber, Osmond Barber, Sarah E. Ross and T. Henderson Barber against Thos. A. Crawford, Alexander Barber and Hal Bahnson. From Circuit decree, plaintiff appeal.

*Messrs. Spencer & Spencer,* for appellants, cite: *Dying "without bodily issue" here meant so dying at devisee's death:* 7 Rich. Eq., 107; 46 S. C., 262. *Testator's "surviving heirs" here meant such of his heirs at his own death as might survive his son:* 2 Black., 201; 26 S. C., 450; 6 Rich. Eq., 26; 46 S. C., 262.

*Messrs. Wilson & Wilson,* contra, cite: *Fee conditional cannot be raised by implication:* 1 Hill. Eq., 265; 2 Strob. Eq., 101; 17 S. C., 532; 11 Rich. Eq., 515; 29 S. C., 470; 142 Cal., 1; 28 Pa. St., 59; 30 Ency., 687.

February 23, 1910. The opinion of the Court was delivered by

MR. JUSTICE GARY. The facts are thus stated in the decree of his Honor, the Circuit Judge:

"Turner Barber died intestate about twenty-five years ago, before the birth of any grandchildren, leaving considerable property in lands and personalty to his wife and his and her seven children.

"His will and its two codicils show that, after charging some of his said property with his wife's support during her life, he devised it all amongst his said seven children, making the share of some of them absolute, and of the others conditional.

"A part of his disposition in behalf of his son, T. Henderson Barber, is the premises here in question, by the first section of his first codicil, as follows:

" 'First. Give and devise to my son, Turner Henderson, the lot of land with appurtenances, situated in the town of Rock Hill, fronting on Main and Church streets, and bounded by lots of S. G. Kistler and F. H. Barber, in the County of York, and State of South Carolina. This lot in my said will, I devised to my daughter, Mary Anna; but I now, in this codicil, devise to my son, Turner Henderson, as aforesaid; I also give and devise to my son, Turner Henderson, the sum of twenty-five hundred dollars; and this legacy is not in addition to, but is instead of the legacy of fifteen hundred dollars, bequeathed in my said will; I also give and bequeath to him my horse named Charlie, and four of my mules named, respectively, Pete, Dan, Prince and Jack.'

"Then by the seventh section of this second codicil, he makes the following general provision:

" 'Seventh. If any of my children, named in my said will or codicils, to whom I have given my property, should die, without bodily heirs, it is my will that all of said property, be equally divided among my surviving heirs, share and share alike.' The defendant, Crawford, by sheriff's deed, has acquired all the right, title and interest of said T. Henderson Barber, in said lot of land.

"Of said seven children, two have died in the following order: First. Ella, without issue; and, secondly, Mattie, who left issue, a son, Hal Bahnson. Of the five living children, Sarah Ross has five children; Alexander, five; Osmond, two, and Anna and T. Henderson, each, no children. The widow, T. Emiline Barber, is still living. She and all of the living children bargained with defendant, Dr. Thomas A. Crawford, of Rock Hill, to sell and convey, or to have conveyed to him, for three thousand dollars, all possible outstanding interests in said lot of land, except that claimed by Alexander Barber. They have tendered their own joint

deed therefor, as a full compliance with their said contract; and said Crawford refusing to accept same, they have brought their complaint against him for specific performance on his part.

"Said Alexander Barber and said Hal Bahnson (only issue of said Mattie, deceased), are named as defendants, but have not been served, as said Alexander was not a party to plaintiff's contract with Dr. Crawford, and as said Hal, from plaintiff's standpoint, has no interest in the premises under the will; and with said Alexander, defendant has another contract as to his alleged interest therein.

"The answer of the defendant, Crawford, sets out in substance: That in acquiring all the right, title and interest of the plaintiff, T. Henderson Barber, in said lot of land, he became the sole and absolute owner in fee simple in said lot of land; but that in view of the contention by plaintiff's that under the terms of the said seventh section of the second codicil of the will of Turner Barber, that they have an interest in the premises as remaindermen; and upon the further suggestion that possibly, under the terms of said will and codicil, the descendants of said testator, may have an interest therein; and in view of the further fact, that this defendant is desirous of placing extensive and costly improvements upon said premises; and in order to absolutely quiet his title thereto, he did enter into contracts mentioned.

"That he stands ready to comply with the terms of said contracts, provided that the other parties can, and do effectually perform their part thereof; but he is advised that he can not safely accept the proffered conveyance from said parties without having first obtained from this Court the proper construction of said will and codicils, and the legal ability of said parties to perform their part of said contracts; and he prays such judgment or decree as to the Court may seem proper."

The will is thus construed by him:

"Two questions arise: First. Does the limitation over to the surviving heirs of testator, in case the devisee die without bodily heirs, refer to his death before testator or afterwards? If before, of course, having survived he gets the fee simple. If afterwards, does 'my' (testator's) 'surviving heirs' mean heirs surviving at testator's death, or at the death of the devisee without bodily heirs? If it means heirs of testator surviving at his (testator's) death, being good as an executory devise mounted upon a fee conditional, and such heirs being the widow and children of testator, who now tender title as the only possible revisioners, such title would be good, and judgment should be as prayed for in the complaint.

"If the limitation over be to such heirs of testator as survive the devisee dying without bodily heirs, though valid limitation over by way of executory devise, such survivors being yet unascertained, could not make such good title, and the complaint should be dismissed.

"Upon the first question I am clear that the limitation over refers to the death of the devisee before testator, and that having survived testator he took the fee simple."

He then announces his conclusion as follows:

"This being the conclusion reached, and it appearing that the defendant, Crawford, now owns the title of T. Henderson Barber, the decision of the Court is that the plaintiffs, nor any other persons have any interest or reversion in said premises, but that the defendant, Crawford, is the owner in fee simple absolute of the same, and the complaint herein must be dismissed."

The plaintiffs appealed upon exceptions, assigning errors in said ruling.

Our construction of the will is as follows: That Turner Henderson Barber unquestionably took an estate in fee simple under the will which was not converted into a fee conditional by the seventh clause of the second codicil by the words, "die without bodily heirs," for the reason that

there are no express words vesting an estate in such bodily heirs, and an estate in fee conditional can not be created by implication. *Shaw* v. *Erwin,* 41 S. C., 209, 19 S. E., 499; *Adams* v. *Chaplin,* 1 Hill's Ch., 265.

That the limitation in said clause to the surviving heirs of the testator, is good as an executory devise, whether Turner Henderson Barber took an absolute or a conditional fee. *Selman* v. *Robertson,* 46 S. C., 262, 24 S. E., 187.

That those will take, who may answer the description of surviving heirs at the time of Turner Henderson Barber's death, and not those who were *in esse* when the testator died. In 2 Jarm. on Wills, 462 (Perkins edition), the author, after citing and commenting on the cases, says: "In this state of the recent authorities, one scarcely need hesitate to affirm that the rule which reads, a gift to survivors, simply, as applying to objects living at the death of the testator, is confined to those cases, *in which there is no other period to which survivorship can be referred;* and that where such gift is preceded by a life *or other prior interest,* it takes effect in favor of those who survive the period of *distribution, and of those only."* (Italics ours.)

This language is quoted with approval in the cases of *Roundtree* v. *Roundtree,* 26 S. C., 450, and *Selman* v. *Robertson,* 46 S. C., 262; see also *Evans* v. *Godbold,* 6 Rich. Eq., 26.

In the case under consideration the death of Turner Henderson Barber was the "other period" to which survivorship could be referred, and his Honor, the Circuit Judge, erred in ruling otherwise.

That the words "surviving heirs" do not denote children, but distributees, or *haeredes facti* under the statute of distributions. *Evans* v. *Godbold,* 6 Rich., Eq., 26.

As it can not be ascertained until the death of Turner Henderson Barber who will take as surviving heirs of the testator, the plaintiffs are not in a position to demand specific performance of their contract.

The conclusion of his Honor, the Circuit Judge, that the complaint should be dismissed, was correct, but his ruling "that the limitation over, refers to the death of the testator, and that having survived testator, he took the fee simple," was erroneous.

It is for this reason that we have reached the same conclusion, and, therefore, affirm the judgment of the Circuit Court.

MR. CHIEF JUSTICE JONES, *disqualified.*