9963

LAWRENCE *ET AL.* v. BURNETT *ET AL.*

(96 S. E. 144.)

1. WILLS—CONSTRUCTION—DEED—INCORPORATED IN WILL.—Under a will giving to testator's son one share of the estate, including land advanced to him, and instructing that the deed to such land be delivered upon testator's death, the estate devised is determinable by the limitation in the deed, and not solely by the words of the will.

2. WILLS—CONSTRUCTION—INCORPORATION OF DEED—CODICIL—REPUBLICATION.—A codicil *held* to be such a republication of a will as made the reference therein to a deed apply to a new deed to the same land made after the will, but before the codicil.

3. WILLS—CONSTRUCTION—FEE CONDITIONAL—"CHILDREN"—"HEIRS OF HIS BODY."—Although the words "child" and "children" may be construed "heir of his body" and "heirs of his body" when necessary to give effect to testator's manifest intention to create a fee conditional, such may not be done where it defeats his clearly expressed intention to convey a life estate with remainder to children, if any, otherwise to revert to his estate.

·4. WILLS—CONSTRUCTION—DEVISE OF REMAINDER—IMPLICATION.—Where, by the granting clause of a deed incorporated into a will, testator's son is given a life estate only, coupled with a provision if he died childless the land should revert, and no provision is made of the remainder, if he should die with a child, the child cannot take as a purchaser by implication.

5. WILLS — CONSTRUCTION — DEVISE — LIFE ESTATE. — A will giving an express life estate to a son, coupled with the condition that if he die without a child the land should revert, negatives the intention to enlarge the life estate, so that the son and his children could take in indefinite succession.

6. WILLS—CONSTRUCTION—ESTATES.—Where an estate is once given by words of clear and ascertained legal significance, it will neither be enlarged or cut down by superadded words in the same or subsequent clauses of the will, unless they raise an irresistible inference that such was testator's intention.

7. WILLS—CONSTRUCTION—LIFE ESTATE—MORTGAGE.—Where a son took only a life estate under a will, with remainder undevised, except upon a condition which did not happen, the reversion was intestate property, and descended to testator's heirs at his death under the statute of distribution.

8. WILLS—ASSIGNMENT OF INTEREST IN ESTATE.—An assignment by a deviseee of her right, title, and interest in lands of the estate of her deceased father, *held* insufficient to convey legal title, since it was not witnessed or under seal as required by law.

Before MAULDIN, J., Spartanburg, Spring term, 1917. Reversed.

Action by Enoch Lawrence and others against Gertrude D. Burnett, Wade P. Gowan and others, involving the construction of a will. Judgment for plaintiffs, and defendant, Wade P. Gowan, appeals.

*Mr. R. B. Pasley,* for appellant, submits: *If a grantor retains the custody and control of a deed during his life,*

27—109.

*the paper cannot have effect as a deed:* 83 S. C. 341. *What is delivery of a deed:* 44 S. C. 365; 24 S. C. 596; 96 S. C. 392; 41 N. Y. 423. *At what time did the property pass to the heirs of Wm. Gowan?* 107 S. C. 104; 102 S. C. 369; 102 S. C. 368. *As to the validity of the paper of Nancy N. Bishop to W. P. Gowan:* 20 S. C. 424; 66 S. C. 81; 90 S. C. 60-61. *As to trial Judge ordering two-sevenths of the costs to be taxed against W. P. Gowan, appellant:* 97 S. C. 459.

*Messrs. Carson, Boyd & Tinsley, Nicholls & Nicholls, L. A. Phifer* and *J. C. Wrightson,* for respondents, cite: *As to effect of a paper referred to in a will, in existence at the time of the execution of the will and identified by satisfactory proof as the paper referred to:* 4 DeSaussure Eq. 622-23-26-28; 3 Rich. Eq. 314; 68 L. R. A. 354; 1 Jarman on Wills, p. 228; Schouler on Wills, sec. 281. *As to the effect of a codicil to a will:* Schouler on Wills, sec. 450; 1 Jarman on Wills, pp. 364-366; 4 Rich. Eq. 260; 4 DeSaussure Eq. 321. *As to what interest Simeon Gowan took under the will of his father:* 77 S. C. 230; 102 S. C. 182. *At the death of Simeon Gowan, the property passed to those, who were then the heirs of Wm. Gowan, the grantor or testator:* Tiedeman on Real Property, sec. 291; 1 Washburn on Real Property, sec. 170; 2 Washburn on Real Property, sec. 498; 1 Hill Ch. 268; 2 Hill Ch. 244; McMull Eq. 231.

April 30, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is an action for partition of 185 acres of land. The defendant, Wade P. Gowan, claimed 62 acres of the tract in severalty, and, failing in that, he claimed an undivided two-sevenths interest in said 62 acres. His claims are based upon these facts:

William Gowan, the common source, had seven children, among them a son, Simeon, and a daughter, Nancy Bishop. In 1867 he executed (except delivering) a deed to Simeon to 198 acres by way of advancement, to be accounted for at $400 on settlement of his estate. The granting and habendum clauses read:

"I do hereby convey and deed and release unto my son, Simeon, the above lands during his natural lifetime, and at his death to pass to his wife during her widowhood, at her death or marriage to another, if the said Simeon should die without child, then and in that case, when his widow should die, or marry, the lands to pass back to my estate as a portion of the same. To have and to hold all and singular the rights and titles as before mentioned unto the said Simeon and his children, if he has any, and if not the land to pass back to my estate as above stated."

In 1876 William made his will, which contains the following provisions that are pertinent to this inquiry:

"Item 4. * * * My executors will divide my estate among my children and grandchildren in equal shares, as follows:

"Item 5. I give my son, Simeon Gowan, 1 share, including four hundred dollars already advanced to him in land."

"Item 12. When my estate comes into the hands of my executors, I will that they deliver the titles already executed by me to the four hundred dollars worth of land advanced to Simeon, Nancy and Thomas (the titles now being in my possession)."

In 1878 William executed two other deeds to Simeon, conveying parts of the same tract. One was a deed to 12½ acres, which was delivered and recorded. The other was a deed to the residue, 185½ acres, which was a copy of the deed of 1867, except the description of the land. This deed, like that of 1867, was not delivered, but was kept by

William, and after his death both deeds were delivered to Simeon, pursuant to the directions of testator in item 12 of the will. In 1879 William added a codicil to his will, but made no change in the devise to Simeon, and died in the latter part of the same year. In 1885 Simeon mortgaged 62 acres of the 185-acre tract, and appellant acquired title from the purchaser at the sale for foreclosure. In 1897 Nancy Bishop executed the following assignment to appellant of her interest in the 62 acres:

"State of South Carolina, Spartanburg county: We, the undersigned parties named, do hereby sign all our right, title and interest which we have, or may hereafter have in one lot or parcel of 61 acres of land, to W. P. Gowan, his heirs or assigns. The said lot or parcel of land is the same piece and parcel of land which W. P. Gowan now owns, the same shall be binding on ourselves, our heirs, executors and administrators. Dated December 9, 1897. N. N. Bishop."

Nancy predeceased Simeon, who died in 1909, without having had a child. At Simeon's death his widow took possession of the 185-acre tract, including the 62 acres theretofore held by appellant, and retained possession until her death. Appellant contends that, under item 5 of the will, Simeon took the fee, and, therefore, his title to the 62 acres under the foreclosure sale is good; and, if not, that Simeon took only a life estate, and the remainder, being undevised, descended to the heirs of William at his death and Simeon inherited one-seventh, which he acquired under the foreclosure sale, and Nancy Bishop one-seventh, which he acquired under her assignment. The Court held that the limitation contained in the deeds of 1867 and 1878 was incorporated into the will by reference, and construed it as a fee conditional. It followed that, as Simeon never had a child, the condition was not performed, and the remainder reverted to those who were heirs of William at Simeon's death, and,

therefore, that appellant took nothing either from Simeon or Nancy.

Appellant's contention that Simeon took the fee under the fifth item of the will would be sound if the estate devised were determinable solely by the words of the will. But the Court correctly held that it must be determined by the limitation in the deeds, which was made part of the will by reference (*Johnson v. Clarkson,* 3 Rich. Eq. 305, 314), and that the codicil of 1879 was a republication of the will, and made good the reference to the deed of 1878. *Rose v. Drayton,* 4 Rich. Eq. 260.

But the Court erred in construing the limitation in the deeds as a fee conditional. It was necessary to that conclusion to construe the words "child" and "children" to mean "heir of his body" and "heirs of his body." No doubt that may be done when the will, as a whole, read in the light of the circumstances, makes it necessary to give effect to the manifest intention. But, in this case, it defeats the intention clearly expressed that Simeon should have only a life estate, with remainder to his child or children, if any, but if none, then to revert, or, as testator expressed it, "to pass back to my estate." This intention clearly appears, if we give effect to all the words used and ideas expressed in both the granting and habendum clauses, and consider them in connection with each other, giving the words used their natural and ordinary meaning, as we should, unless the context shows that they were used in some other sense.

In the granting clause, a life estate only is given to Simeon in express terms, coupled with a provision that, if he should die without a child, the land should revert. No disposition is made of the remainder if Simeon should die with a child, and there is no direct provision for the child, if any; and it is well settled that, in such a case, the child cannot take as a purchaser by implication. *Manigault*

*v. Deas' Adm'rs,* Bailey Eq. 298. The giving of an express life estate to Simeon, coupled with the condition that, if he die without child, the land should revert, negatives the intention that Simeon and his child or children were to take in indefinite succession, though an intention to benefit the child or children, if any, may be implied.

Now, bearing in mind the well settled rule that where an estate is once given by words of clear and ascertained legal significance, it will neither be enlarged nor cut down by superadded words in the same or subsequent clauses of the will, unless they raise an irresistible inference that such was the intention of the testator (*Adams v. Verner,* 102 S. C. 7, 86 S. E. 211, and cases cited), we pass to the consideration of the habendum clause. In that clause we find a direct gift to Simeon and his children, if he has any, and if not, the land to revert. While this clause shows a clear intention to benefit the children of Simeon, if he should have any, it, too, negatives the idea that they were to take in indefinite succession from Simeon, but rather as direct beneficiaries under the will, or as purchasers. So there is nothing in the habendum to warrant the inference of an intention to enlarge the life estate expressly given to Simeon in the granting clause. The intention clearly expressed in both clauses is that, if Simeon should have no children, the land should revert. There was, therefore, no intention that Simeon should have an estate of inheritance.

To support its conclusion, the Court below relied upon *Dillard v. Yarboro,* 77 S. C. 230, 57 S. E. 841. The limitations and the circumstances of that case were very different. There the grant was to Y. and her children and her assigns forever, and all the circumstances showed an intention to convey the fee. There was no express life estate given, and no disposition of the remainder after Y.'s death without children; hence the word "children" was construed to mean "heirs of her body" to give effect to the obvious intention

Under *Reeves v. Cook,* 71 S. C. 275, 51 S. E. 93, if testator had actually used the words "heirs of his body" instead of the word "children," the following words, "if he has any," considered in the light of the circumstances, would have restricted the generality of the words "heirs of his body" to mean "children." And so it appears that the construction adopted is untenable.

As Simeon took only a life estate, and as the remainder was undevised, except upon a condition which did not happen, the reversion was interstate property, and descended under the statute of distributions to the heirs of testator at the time of his death. *Rochell v. Thompkins,* 1 Strob. Eq. 114; *Boyce v. Mosley,* 102 S. C. 361, 86 S. E. 771. Therefore appellant's second contention must be sustained, at least to the extent of the one-seventh interest in the remainder inherited by Simeon.

Deeming it unnecessary to the decision, in the view which it took of the case, the Circuit Court did not consider the assignment of Nancy Bishop to appellant, and made no decision as to its sufficiency to convey her interest in the remainder, either at law or in equity. Clearly, it was insufficient to convey the legal title, as it was not under seal or witnessed, as required by law. The case was presented upon an agreed statement of facts, and the record is insufficient to enable us to reach a satisfactory conclusion as to whether it was sufficient to convey the equitable title under the rule announced in *Mathis v. Hammond,* 9 Rich. Eq. 137, and in the cases cited by appellant, especially as we are not informed who, other than appellant, is claiming her interest, and upon what ground such claim is made. Therefore upon that issue the case must go back for further consideration and decision.

The judgment of the Circuit Court is reversed, and the case is remanded for such further proceedings as may be necessary not inconsistent with the views herein announced.

Reversed.

MESSRS. JUSTICES WATTS, FRASER and GAGE concur.

MR. CHIEF JUSTICE GARY did not sit.