## 10645.

### LAWRENCE *ET AL.* v. BURNETT *ET AL.*

#### , (108 S. E. 142)

ASSIGNMENTS—INSTRUMENT HELD INSUFFICIENT AS EQUITABLE ASSIGNMENT
TO CONVEY EQUITABLE TITLE, WHERE POSSESSION NOT TAKEN
THEREUNDER.—An instrument, "We * * * do hereby sign all our
right, title and interest which we have, or may have, on one lot or
parcel of sixty-one acres of land to G., his heirs or assigns,"
signed by the assignor, while insufficient to convey the legal title,
would have been sufficient as an equitable assignment to convey
the equitable title to G., had he taken possession thereunder, but
was not sufficient to convey equitable title, where he took posses_
sion under another claim of right to the land.

Before McIVER, J., Spartanburg, February, 1921. Reversed and remanded.

Action by Enoch Lawrence et al. against Gertrude E. Burnett et al. From judgment for defendants the plaintiffs appeal.

For former appeal see 109 S. C. 416. See also 115 S. C. 67; (104 S. E. 330).

*Messrs. Carson & Tinsley,* for appellants, cite: *Equitable assignment*: 3 Pom. Eq. Jur., Sec. 1287. *Actual valuable consideration necessary*: Id. Sec. 1293, 1405; 55 S. C. 31; 6 S. C. 479.; Pom. Conts., Sec. 54; 23 Am. Dec. 424. *Burden to prove consideration where none expressed*: 1 Elliott Conts., Sec. 247. *Good consideration insufficient*: Id. Sec. 246. *Assignment insufficient*: Rich. Eq. Cases 33.

*Mr. R. B. Pasley,* for respondents, cites: *Assignment valid*: 20 S. C. 424; 113 S. C. 25; 3 Cheves 272; 90 S. C. 16, 17. *Gift valid if creditors do not object*: 66 S. C. 81. *Seal not necessary where possession is given*: 9 Rich. Eq. 137. *Estoppel*: 113 S. C. 323.

June 30, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The facts are thus stated in the master's report:

"On December 9, 1897, Nancy N. Bishop, being the owner of an undivided one-seventh interest in the remainder in the property in question, executed and delivered to Wales P. Gowan, the instrument (Exhibit A), which reads as follows: 'State of South Carolina, County of Spartanburg. We, the undersigned parties named, do hereby sign all our right, title and interest which we have, or may have, on one lot or parcl of sixty-one acres of land to W. P. Gowan, his heirs or assigns. The said lot or parcel of land is the same piece or parcel of land which W. P. Gowan now owns, the same shall be binding on ourselves, our heirs, executors and administrators. Dated Dec. 9, 1897. N. N. Bishop.'

"Wales P. Gowan did not own the property, or any interest therein, at the time this paper was executed. On November 2, 1900, he acquired the life estate of Simeon Gowan in the property, by deed from W. A. Burnett, never recorded. Burnett had purchased Simeon Gowan's interest at sheriff's sale by deed recorded in Book Y. Y., at page 670, and dated November 1, 1886. Simeon Gowan's interest was a life estate and an undivided one-seventh interest in remainder in fee.

"Wales P. Gowan went into possession of the property under the deed from W. A. Burnett, and continued to hold it until the death of Simeon Gowan, about 1909. Sarah Gowan, the wife of Simeon, owned a life estate in the property under the will of William Gowan, the father of Simeon, but subject to the life estate of Simeon Gowan. Upon the death of Simeon, Sarah Gowan went into possession of the property until her death, about August, 1915. Nancy N. Bishop had died previous to the death of Simeon in 1909.

"The property originally came from William Gowan, the father of Simeon, who had seven children.    The history of the case is stated in the opinion of Mr. Justice Hydrick, upon the former appeal.    See 109 S. C. 416, 96 S. E. 144. After the death of William, Simeon, Sarah, and Nancy N. Bishop, suit was brought for the partition of all the property which William had conveyed to Simeon.    All the property was sold by the master, and the proceeds of sale have been disbursed for the most part.

"Under the instrument hereinbefore set forth, Wales P. Gowan is now claiming one-seventh part of the proceeds of the sale of the 61-acre tract of land.    The heirs at law of Nancy N. Bishop are also claiming this part of the proceeds of the sale.    In my former report I made no decision as to the instrument hereinabove quoted, deeming that it was unnecessary to the decision, in the view which I took of the case.    But the judgment of the Circuit Court was reversed, and the case was sent back in order that this question might be passed upon:    Was the instrument sufficient, under the rule announced in *Mathis v. Hammond,* 9 Rich. Eq. 137, and under the other cases cited by counsel for Wales P. Gowan, to convey the equitable title to Wales P. Gowan?

"After carefully examining the authority cited for the defendant, Wales P. Gowan, I conclude that the instrument was entirely insufficient, since those citations do not furnish any authority, as it seems to me,  to sustain  the position taken by defendant, Wales  P.  Gowan.  *  *  *  The Nancy N. Bishop instrument lacks several of the requirements for a conveyance of land.    It is not under seal, it is not witnessed, no consideration is stated, and no sufficient consideration to support such a conveyance of land proved.

"There is an effort by defendant, Wales P. Gowan, to prove a  consideration.  Carolina Gowan,  the  wife  of Wales P. Gowan, was  the stepdaughter  of  Nancy N.

Bishop. She lived in the home of Mrs. Bishop from the time that she was 7 until her marriage at the age of 17. The effort is made to show that on account of the services rendered to Nancy N. Bishop by Carolina Gowan, and on account of her love and affection for her stepdaughter, she made the conveyance to Wales P. Gowan, in order in some way to repay her step-daughter for the services which she had performed. I think the defendant has shown that Carolina Gowan did render loving services to her step-mother, though whether the services were rendered prior to the execution of the instrument or afterward is not shown. I am satisfied that Nancy N. Bishop had a real and genuine affection for her step-daughter, and that this affection was well founded. But the instrument quoted is entirely insufficient and inadequate to convey land. It does not estop the heirs at law of Nancy N. Bishop from claiming the proceeds."

So much of his Honor the Circuit Judge's decree as is necessary for a proper understanding of the questions involved is as follows:

The Master reports the instrument hereinabove set out is entirely insufficient and inadequate to convey land. In this he is in error. It was insufficient to convey the legal title, but was sufficient as an equitable assignment to convey the equitable title to W. P. Gowan.

"Carrie Gowan (same as Carolina Gowan) was the wife of W. P. Gowan, and the stepdaughter of N. N. Bishop, who raised her since a girl of 7 years old, and N. N. Bishop felt towards her just as she did one of her own children, and Mrs. Carrie Gowan called her 'Ma' and rendered as great or greater service to her than her own children did.

"Mrs. N. N. Bishop had expressed a desire that Carrie Gowan would share in the division of her property as one of her own children, but she discovered under the title she had she could not do this. So she assigned whatever inter-

est she had in the 61 acres to W. P. Gowan. The assign-
ment was made, and W. P. Gowan held possession of this
property under this paper and the Burnett paper for about
13 years, until the death of Simeon Gowan, 1909, when
Simeon's widow, who took a life estate after Simeon's
death under the will of William, took possession of the
property and held during her life. Soon after Sarah
Gowan's death this proceeding was instituted.

"It is ordered, adjudged, and decreed that the report of
the master be, and the same is hereby, reversed in so far
as said report finds the instrument of N. N. Bishop was in-
sufficient to carry to W. P. Gowan her equitable interest in
the 61 acres of land."

The appellant's exceptions are as follows:

"(1)   Because the Circuit Court erred in sustaining the
exceptions of the respondents to the master's report in re-
versing the master and in ruling and holding that the paper
executed by Nancy N. Bishop was an equitable assignment
of her undivided one-seventh interest in the 61 acres of land
or the proceeds of the sale thereof, and that the heirs of
Nancy N. Bishop had no interest in the property, and in not
holding that Exhibit A was void and inoperative for the lack
of consideration.

"(2)   In holding and finding as a matter of fact that W.
P. Gowan held possession of this property under the paper
executed by Nancy N. Bishop for 13 years, until the death
of Simeon Gowan in 1909."

In remanding the case on the former appeal Mr. Justice
Hydrick in delivering the opinion of the Court (109 S. C.
423, 96 S. E. 146) said in conclusion:

"Deeming it unnecessary to the decision, in the view
which it took of the case, the Circuit Court did not con-
sider the assignment of Nancy Bishop to appellant, and
made no decision as to its sufficiency to convey her interest
in the remainder, either at law or in equity. Clearly it was

insufficient to convey the legal title, as it was not under seal or witnessed, as required by law. The case was presented upon an agreed statement of facts, and the record is insufficient to enable us to reach a satisfactory conclusion as to whether it was sufficient to convey the equitable title under the rule announced in *Mathis v. Hammond,* 9 Rich. Eq. 137, and in the cases cited by appellant, especially as we are not informed who, other than appellant, is claiming her interest, and upon what ground such claim is made. Therefore, upon that issue the case must go back for further consideration and decision."

The case of *Mathis v. Hammond,* supra, shows that if W. P. Gowan had entered into possession of the land, under the instrument of writing executed by Nancy Bishop, it would have made the contract valid and enforceable. But he did not so enter. The master specifically finds that Wales P. Gowan went into possession of the property under the deed from W. A. Burnett. The presiding Judge does not find that W. P. Gowan entered into possession under the assignment in question, but, merely, that he held possession under the assignment and the Burnett paper. It can scarcely be supposed that the Circuit Judge intended to find that W. P. Gowan entered into possession under the assignment, as it would be contrary to the contention of W. P. Gowan, as thus set forth in his fifth exception to the master's report:

"Because the master erred in holding and finding that W. P. Gowan went into possession of the property under a deed from W. A. Burnett, and in not holding that W. P. Gowan was in possession of the property claiming it as his own before the deed of W. A. Burnett or the instrument of Nancy N. Bishop, and was so holding said property at the time the Nancy N. Bishop instrument was executed; same being held under bond for title given by W. A. Burnett to W. P. Gowan."

There is no testimony showing any other valuable consideration, which is essential to the validity and enforcement of the contract attempted to be created.

The judgment of the Circuit Court is reversed, and the case remanded to that Court for such further proceedings as may be necessary to carry into effect the conclusions herein announced.

JUSTICES WATTS, FRASER and COTHRAN concur.

MR. JUSTICE COTHRAN: I concur in the judgment, but am not to be understood as approving the implication that possession alone under a voluntary equitable assignment will perfect the legal title; a principle which appears to have been announced upon scant consideration in the case of *Mathis v. Hammond,* 9 Rich. Eq. 137.

My impression is that an equitable assignment is nothing more than an executory agreement, and can be given effect only upon the establishment of the elements essential to sustain an action for specific performance; possession alone is not sufficient, when the implied contract is without a valuable consideration. I prefer to reserve my opinion as to this matter.