## 10868

### WILSON *ET AL.* v. POSTON *ET AL.*

#### (111 S. E. 873)

DEEDS—PROVISION HELD INSUFFICIENT TO CREATE FEE CONDITIONAL; "WITHOUT ISSUE."—Under Civ. Code 1912, § 3551, providing that where property is limited to take effect upon the death of any person without issue, or other equivalent words, these words shall mean the failure of issue after death of such person, a grant to a child, followed by a provision that, if grantee dies without lawful heirs, the property must return to the grantor's estate, was not sufficient to create a fee conditional.

Before PEURIFOY, J, Williamsburg. Spring Term, 1921. Reversed and remanded.

Action by J. H. Wilson et al against L. J. Poston et al. Judgment for plaintiffs and defendants appeal

Agreed statement of facts on which the case was tried by the Circuit Judge:

"This is an action brought by the plaintiffs against the defendants for the recovery of the tract of land described in the complaint, and it is agreed by and between the undersigned attorneys representing all the parties to this

action that the legal issues involved in this case shall be tried upon the pleadings and the following admitted facts, to wit:

"T. R. Wilson and M. F. Wilson were husband and wife, and were residents of the County of Williamsburg and State of South Carolina. On or about the 13th day of July, 1911, and for a number of years prior thereto, the said T. R. Wilson and M. F. Wilson owned and possessed in fee simple a tract of 940 acres of land situate in said county and State, of which the tract of land described in paragraph 1 of the complaint herein formed a part. Of the marriage of T. R. Wilson and M. F. Wilson the following children were born, namely: J. H. Wilson; J. D. Wilson; Maggie Wilson, who afterwards married one S. F. Epps; Stella Wilson, who afterwards married a Mr. Burgess; Martha Ella Wilson, who afterwards married a Mr. Burgess; Louise Wilson, who afterwards married a Mr. Coker; J. C. Wilson, Addie Wilson, T. M. Wilson, Jessie Wilson, who afterwards married the defendant, L. J. Poston; Robert Wilson, who died about 20 years ago, before his father and mother without marrying and leaving no children; and Mat Wilson who also died before his father and mother without marrying and leaving no children.

"Maggie Epps died before her father and mother, but left surviving her the following children: Mattie Hughes, Lucile Dennis, Effie Ryan, Maria Haselden, Charlton Epps, and Mildred Lilyander. After the death of T. R. Wilson and M. F. Wilson, and before the death of Mrs. Jessie Wilson Poston, Lucile Dennis died, leaving as her heirs at law her children, Margaret Dennis, Walter E. Dennis, Mildred Lucile Dennis, and her husband, W. W. Dennis.

"Charlton Epps and Mildred Lilyander are infants over the age of 14 years.

"The said children of Lucile Dennis are all infants under the age of 14 years and reside with their father, W. W. Dennis, in the town of Kingstree, county of Williamsburg and State aforesaid.

"On or about the said 13th day of July, 1911, the said T. R. Wilson and M. F. Wilson, desiring to divide said tract of land among their nine living children and the heirs of their predeceased daughter, Maggie Epps, so as to effect a settlement of their estates in their lifetime, called in a surveyor, and divided the said 940-acre tract of land into 10 smaller lots, each containing 94 acres, and on said date conveyed one of said smaller lots to each of their nine living children, and one to the heirs of their predeceased daughter, Maggie Epps; the deeds of conveyance therefor being thereafter, to wit: on or about the 7th day of October, 1911, duly recorded in the office of the clerk of Court for Williamsburg County. The 94-acre tract of land described in paragraph 1 of the complaint herein is the tract of land that was conveyed by the said T. R. Wilson and M. F. Wilson to their daughter, Jessie M. Wilson (who thereafter intermarried with defendant, L. J. Poston), at the time and for the purpose mentioned above, her deed therefor being dated the 13th day of July, 1911, and recorded in the office of the clerk of Court for Williamsburg County in Book A-7 at page 499, which said deed is hereto annexed and marked 'Exhibit A,' and made a part and parcel hereof, to which reference may be made as often and for such purpose as may be necessary.

"After intermarrying with the defendant, L. J. Poston, the said Jessie M. Wilson, on or about the 12th day of January, 1920, conveyed said tract of land unto the said defendant, L. J. Poston, by her deed of conveyance bearing said date and duly recorded in the office of the clerk of Court of said county in Deed Book A-16, at page 119, which said deed is hereto annexed, marked 'Exhibit B,' and made a part and parcel hereof, to which reference is

craved as often and for such purpose as may be necessary.

"T. R. Wilson died about 10 years ago, and M. F. Wilson died about 3 years ago.

"The said Jessie M. Poston (nee Wilson) died on the 4th day of May, 1920, without leaving any child, and did not during her lifetime give birth to any living child or children. At the time the deed for the 94-acre tract of land in question was executed to her, the said Jessie M. Wilson, in addition to her eight brothers and sisters, had a number of nieces and nephews and uncles and aunts and numerous cousins, and upon the execution of said deed of conveyance she took possession of said tract of land and held the same until she conveyed it to her husband, the defendant L. J. Poston, and he has had the possession thereof ever since.

"The defendant, L. J. Poston, is in possession of the said tract of land, and claims to be the owner thereof in fee, and the defendant, E. L. Baylor, is in possession of said tract of land, claiming to be the lessee of the said L. J. Poston.

"The plaintiffs and the infant defendants claim that, by reason of the terms, provisions, and limitations contained in the said deed from the said T. R. Wilson and M. F. Wilson to the said Jessie M. Wilson, they, as the heirs at law of the said T. R. Wilson and M. F. Wilson, are the owners in fee simple of the tract of land described in paragraph 1 of said complaint, and entitled to the possession of the same."

Copy of Deed, Exhibit A:

"The State of South Carolina, Williamsburg County.

"Know all men by these presents, that we, M. F. Wilson and T. R. Wilson, of Williamsburg County, in the State aforesaid, for and in consideration of the sum of fifty dollars to us in hand paid at and before the sealing of these presents by J. M. Wilson, of Williamsburg County, in the State aforesaid, the receipt whereof is hereby ac-

knowledged, have granted, bargained, sold and released, and by these presents do grant, bargain, sell and release unto the said J. M. Wilson, of Williamsburg County, in the State aforesaid, all that certain piece, parcel or tract of land lying, being and situated in Williamsburg County, in the State aforesaid, containing ninety-four (94) acres more or less, and bounded as follows, to wit: North by lands of J. D. Wilson, east by lands of E. A. Wilson, south by lands of E. L. Wilson and J. C. Wilson, west by lands of the estate of W. H. McElveen and known as tract No. 3 in the division of our estate.

"And it is furthermore understood that this title is null and void until after our death, then to remain in full force; and it is furthermore understood that if the said J. M. Wilson dies without lawful heirs, the above-named tract of land must return to our estate and be equally divided among our heirs.

"Together with all and singular, the rights, members, hereditaments and appurtenances to the said premises belonging, or in anywise incident or appertaining.

"To have and to hold, all and singular the said premises before mentioned unto the said J. M. Wilson, her heirs and assigns forever.

"And we do hereby bind our heirs, executors and administrators to warrant and forever defend, all and singular, the said premises unto the said J. M. Wilson, her heirs and assigns, against us and our heirs, or any other person lawfully claiming or to claim the same, or any part thereof.

"Witness our hand and seal this 13th day of July in the year of our Lord one thousand nine hundred and eleven, in the one hundred and thirty-fifth year of the sovereignty and independence of the United States of America.

"M. F. Wilson [L. S.]
"T. R. Wilson [L. S.]

"Signed, sealed and delivered in the presence of J. E. Coker, J. T. Gibbons."

Probate omitted.

Exhibit B:

Deed of conveyance of Jessie M. Poston (the same as J. M. Wilson mentioned above) to L. J. Poston, dated the 12th day of February, 1920, recorded in the clerk's office of said county on the 10th day of May, 1920, in Deed Book A-16, at page 119. This deed conveys the 94-acre tract of land referred to, and is in the usual form of a fee-simple, general warranty deed of conveyance, and, if Jessie M. Poston (the same as J. M. Wilson) owned the fee to this tract of land, then it passed to the defendant L. J. Poston under this deed:

Decree of Judge Peurifoy (caption and signature omitted):

"This is an action for the recovery of the possession of the tract of land described in the complaint. The case was heard by me at the regular spring term, 1921, of the Court of Common Pleas for Williamsburg County upon an agreed statement of facts. The entire case, as admitted by counsel on both sides, turns upon the construction of the deed from T. R. Wilson and M. F. Wilson to Jessie M. Wilson, dated the 13th day of July, 1911, and recorded in the office of the clerk of Court for Williamsburg County in Book A-7, at page 499. This deed contains the usual granting clause: 'Unto Jessie M. Wilson.' Following the granting clause is the description of the land. Immediately after the description is the following: 'And, it is further understood that this title is null and void until after our death, then to remain in full force; and it is futhermore understood that if the said J. M. Wilson dies without lawful heirs, the above-named tract of land must return to our estate and be equally divided among our heirs.' The habendum clause is in the usual terms: 'Unto

Jessie M. Wilson, her heirs and assigns forever.' The warranty clause is also in the usual terms.

"The clause, 'And it is furthermore understood that this title is null and void until after our death,' amounted to a reservation of the life estate in the grantors. A deed should, if possible, be so construed that some effect will be given it. It will be assumed that the parties did not intend that it should be a nullity, and did intend that it should be operative. 18 C. J. 256; *Davenport v. Gwilliams,* 133 Ind. 142, 31 N. E. 790, 22 L. R. A. 244. *Peter v. Byrne,* 175 Mo. 233, 75 S. W. 433, 97 Am. St. Rep. 576. *Paxon v. Oil Co.,* 80 W. Va. 187, 94 S. E. 472. *Higgins v. Coal Co.;* 63 W Va. 218, 59 S. E. 1064. *Williams v. Williams,* 175 N. C. 160, 95 S. E. 157. *McDonald v. Jarvis,* 64 W. Va. 62, 60 S. E. 990, 131 Am. St. Rep. 889. *Anderson v. Baughman,* 7 Mich. 69, 74 Am. Dec. 699. *Hoffman v. Mackall,* 5 Ohio St. 124, 64 Am. Dec. 637. *Beverlin v. Casto,* 62 W. Va. 158, 57 S. E. 411. *Atwood v. Cobb,* 16 Pick. (Mass.) 227 26 Am. Dec. 657. *Stewart v. Lang,* 37 Pa. 201, 78 Am. Dec. 414.

"In the clause: 'If the said J. M. Wilson dies without lawful heirs,' the words 'lawful heirs,' should be construed as 'heirs of the body' or 'issue.' It is always open to inquiry whether the word 'heirs' is used in its proper technical sense or in a more inaccurate sense to denote children, heirs of the body, issue or next of kin. *Hayne v. Irvine,* 25 S. C. 289. *McCown v. King,* 23 S. C. 238. *Swann v. Poag,* 4 S. C. 16. *Cloud v. Calhoun,* 10 Rich. Eq. 358. *Holeman v. Fort,* 3 Strob. Eq. 66, 51 Am. Dec. 665. *Moone v. Henderson,* 4 Desaus, 459. *Bailey v. Patterson,* 3 Rich. Eq. 158. *Ramsay v. Joyce,* McMul. Eq. 236, 37 Am. Dec. 550.

"The language used in the deed shows that the party who prepared it was unfamiliar with the technical use of legal phrases, and unaccustomed to drawing deeds, and therefore did not understand the legal significance of the term 'heirs.' It was practically impossible for the grantee

to have died without heirs, in view of the fact that she, at the time the deed was executed, had eight brothers and sisters, numbers of uncles, aunts, nieces, and nephews and numerous cousins.  This fact clearly shows that the grantors were not attempting to provide against the contingency of her dying without heirs general.  The deed provides that if the grantee dies without lawful heirs, the land must be returned to the estate of the grantors and be divided among 'our heirs.'  The grantors being the father and mother of the grantee, their heirs would be the heirs of the grantee.  This unquestionably shows that the grantors did not intend to use the phrase 'lawful heirs' in its technical sense, but intended it to have the effect of 'heirs of her body' or 'issue.'

"That being the case, Jessie M. Wilson took a fee conditional estate, and, having died without heirs of the body, the land reverted to the heirs at law of the grantors.  The words 'heirs and assigns' in the habendum and warranty clauses would not have been inconsistent with the intention expressed in the premises if the condition had been performed by the birth of issue.  If issue had been born, Jessie M. Wilson could have conveyed the land in fee simple, and therefore, these words were appropriate in the deed to her, for the grantors no doubt had every right to believe that she would have children.

"As was held in the case of *Miller v. Graham*, 47 S. C. 295, 25 S. E. 165, the words 'heirs and assigns' in the habendum and warranty clauses should be construed as 'giving to the tenant in fee conditional, in case she should alien the land after issue born, the power she already had to convey the estate away in fee simple.'

"The primary object in construing a deed is to ascertain the intention of the parties.  This intention is to be gathered from the consideration of the whole instrument, and meaning and effect must be given to every part of the deed, each clause being considered separately and being governed by the intent deducible from the entire instrument, and

separate parts being viewed in the light of the other parts. Effect must be given to all the words and clauses in an instrument if that be possible in reason, so that each is made operative and effective to some purpose. All of the clauses in this instrument can be given effect so that they may all stand together. The purpose of the language used in the premises of the deed was to create a fee conditional estate in the grantee, and the object of the language used in the habendum clause was to confer upon the grantee the right to convey the property in fee simple upon the performance of the condition by the birth of issue. If, however, it could be held that the clauses are contradictory, then the words of the premises would control, and the estate therein created could not be changed by the words of the habendum, because, according to the authorities in this State, where two clauses in a deed are incompatible or contradictory so that one or the other must fall, the first will be sustained and the latter rejected. *Smith a. Clinkscales,* 102 S. C. 243, 85 S. E. 1064. *Crawford v. Lumber Co.,* 79 S. C. 169, 60 S. E. 445. *Jordan v. Neece,* 36 S. C. 295, 15 S. E. 202, 31 Am. St. Rep. 869. *Wilson v. Watkins,* 48 S. C. 341, 26 S. E. 663.

"It is therefore ordered, adjudged, and decreed that the plaintiffs, J. H. Wilson, J. D. Wilson, Stella Burgess, Martha Ella Burgess, Louise Coker, J. C. Wilson, Addie Wilson, T. M. Wilson, Mattie Hughes, Effie Ryan, Maria Haselden, and W. W. Dennis, and the defendants Charlton Epps, Mildred Lilyander, Margaret Dennis, Walter E. Dennis and Mildred Lucile Dennis are the owners in fee simple of the tract of land described in the complaint and are entitled to the possession of the same and that the defendants, L. J. Poston and E. L. Baylor, do forthwith surrender possession of said premises to the said owners thereof.

"The premises above referred to are described as follows: 'All that certain piece, parcel or tract of land lying.

being and situate in Williamsburg County, in the State of South Carolina, containing 94 acres, more or less, and bounded as follows, to wit: North by lands of J. D. Wilson; east by lands of E. A. Wilson; south by lands of E. L. Wilson, and J. C. Wilson; and on the west by lands of the estate of W. H. McElveen, and known as tract No. 3 in the division of the estate of Mrs. M. F. Wilson, and Mr. T. R. Wilson.'"

*Messrs. Lee & Shuler,* for appellants, cite: *Technical words strictly construed:* 21 S. C. L. 194; 22 S. C. Eq. 221; 24 S. C. Eq. 574; 2 S. C. 68; 4 S. C. 18; 4 S. C. 83; 11 S. C. 300. *Burden of showing they were used other than in technical sense is on parties so claiming:* 16 S. C. Eq. 204; 18 S. C. Eq. 396; 27 S. C. Eq. 26; 35 S. C. Eq. 147. *Intention should not prevail against settled rules of law and construction:* 29 S. C. 466; 28 S. C. 125; 28 S. C. 459; 27 S. C. 497; 26 S. C. 464; 26 S. C. 181; 26 S. C. 565; 23 S. C. 235; 19 S. C. 308; 21 S. C. L. 193; 46 S. C. 262. *Error to construe "lawful heirs" to mean "heirs of the body:"* 112 S. C. 312. *Fee conditional:* 26 S. C. Eq. 441. *How created:* 18 S. C. L. 249; 11 S. C. Eq. 198; 41 S. C. 209; 2 S. C. L. 397; 10 S. C. Eq. 265; 21 S. C. Eq. 101; 4 Kent Coms. 9; 91 S. C. 487; 24 S. C. Eq. 277; 17 S. C. 551. *Where grantor parts with entire fee there can be no fee conditional:* 18 S. C. L. 248; 11 S. C. Eq. 196. *Fee conditional cannot be created by implication:* 10 S. C. Eq. 282; 1 Civ. Code 1912, Sec. 3551; 70 S. C. 125; 85 S. C. 54; 41 S. C. 209. *Where no words of inheritance in granting clause, habendum may be resorted to:* 88 S. C. 296; 51 S. C. 557; 1 Tiffany Real Prop. 470, Sec. 130; 2 Blackstone Coms. 175; 94 S. C. 1; 91 S. C. 59; 96 S. C. 263; 57 S. C. 173; 48 S. C. 316; 17 S. C. 532; 40 S. C. L. 54; 21 S. C. Eq. 101; 106 S. C. 304; 88 S. C. 299.

*Messrs. Kelley & Hinds,* for respondents, cite: *"Lawful heirs" should be construed "heirs of the body:"* 293

· S. C.182; 25 S. C. 289; 23 S. C. 238; 4 S. C. 16; 10 Rich. Eq. 358; 2 Strob. Eq. 66; 4 DeS. 459; 4 Rich. Eq. 158; McMull. Eq. 236. *So constructed, grantee took a fee conditional or fee defeasible estate*: 5 Rich. Eq. 443; 65 S. C. 345; 2 Black. Com. 110; 3 Rich. Eq. 271; 77 S. C. 231; 11 S. C. 494; 2 Bail. 248; 17 S. C. 549; 47 S. C. 288. *Rules of construction*: 18 C. J. 257; Ann. Cas. 1916-B, 604; 165 S. W. 1035; 18 C. J. 260; 37 S. E. 853; Clark Conts. 592; 16 Vt. 266. *Intention as shown by whole deed should govern*: 18 C. J. 267; 23 Ala. 813; 58 S. E. 862; 51 S. E. 666; 86 S. E. 695; 95 S. E. 157; 87 S. E. 40; 83 S E. 243; 83 S. E. 995; 138 S. W. 243; 58 S. E. 862; 64 S. E. 1021; 52 Am. Dec. 482. *Where clauses are incompatible, first will be retained*: 102 S. C., 243; 79 S. C. 169.

April 18, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE 'GARY.

Action for recovery of real estate. The case was tried upon an agreed statement of facts, by Judge Peurifoy, which decree, with the agreed statement and a copy of the deed, will be reported.

The appeal involves the correctness of the conclusion that the deed created a fee conditional in Miss J. M. Wilson.

Section 3551, Code of Laws, 1912, contains this provision:

"Whenever, in any deed or other instrument in writing, not testamentary, hereafter executed, or in any will of a testator hereafter dying, an estate, either in real or personal property, shall be limited to take effect on the death of any person without heirs of the body, or issue, or issue of the body, or other equivalent words, such words shall not be construed to mean an indefinite failure of issue, but a failure at the time of the death of such person."

Therefore, the limitation over must be read as follows: "It is furthermore understood, that if the said J. M. Wilson dies without lawful heirs, living at the time of her death, the above-named tract of land must return to our estate, and be equally divided among our heirs."

These words are not sufficient to create a fee conditional, and the exceptions raising this question are sustained. *Addison v. Addison,* 9 Rich. Eq. 58. *Shaw v. Erwin,* 41 S. C. 209, 19 S. E. 499. *Barber v. Crawford,* 85 S. C. 54, 67 S. E. 7.

The question whether the deed conveys a fee simple absolute or a fee simple defeasible to Miss J. M. Wilson (afterwards Poston) has not been passed upon by the Circuit Judge, and it is not therefore determined by this Court.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.