13041

MONK v. GEDDES *ET AL.*

(156 S. E., 175)

December, 1929.

Mr. J. Davis Kerr, Jr., for appellant.

Messrs. Perrin & Tinsley, for respondent,

December 18, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought by the plaintiff, Robinson O. Monk, to compel specific performance by the defendant, George W. Johnson, of a contract to purchase a tract of land in Spartanburg County, known as the Campton Farm, devised to him by the will of his father, Robinson B. Monk. The plaintiff's three minor children and the testator's two living grandchildren were made parties defendant, so that their rights in the premises might be protected.

On December 19, 1928, the defendant, Johnson, entered into a contract with the plaintiff to purchase this land, but, when the title to the property was examined, it was reported to him that there was some question as to whether the plaintiff could give him a fee-simple title, and for that reason, he refused to accept a deed to the property. This suit resulted. Johnson testified at the trial that he was ready and able to comply with the contract as soon as the Court should adjudicate that the plaintiff could give him good title.

The will was admitted to probate in 1910, and its pertinent provisions are as follows:

"I give, devise and bequeath unto my beloved son, Robinson O. Monk, my place known as Campton Farm  *  *  * for his own use and herefor during his lifetime. In the event of the death of my son Robinson O. Monk, without heirs, then I devise the said tract to my grandchildren"  *  *  * (then follow other gifts to Robinson O. Monk). "In the event of the death of my son Robinson O. Monk without heirs, then it is my will that all the property to go to my grandchildren."

The Master, to whom the case was referred, concluded that under the terms of the will, Robinson O. Monk took a fee-conditional estate in land, and that children having been born to him, the fee became absolute so as to enable him to alienate or mortgage the property, and recommend that Johnson be required to comply with the contract. Exceptions were taken to this report, and the matter was heard by his Honor, Judge Sease, who made a decree confirming the report of the Master and directing specific performance by Johnson.

The appeal from this decree presents the issue as to the estate taken by Robinson O. Monk.

This Court has repeatedly said that in the construction of a will the testator's intention, as gathered from the will, must govern, unless it is in conflict with some rule of law.

The will here expressly gives to Robinson O. Monk only a life estate in the land; and, if he holds any greater estate, it must arise by implication. The general rule is that no estate can arise by implication unless from necessity, and that such necessity must appear on the face of the will. *Shaw v. Erwin*, 41 S. C., 209, 19 S. E., 499. And there is another rule that, where an estate is once given by words of clear and ascertained legal significance, it will be neither enlarged nor cut down by superadded words

in the same or a subsequent clause of the will, unless they raise an irresistible inference that such was the intention of the testator. *Lawrence v. Burnett,* 109 S. C., 416, 96 S. E., 144.

In the case at bar, we think the word "heirs" cannot ■ mean heirs general, but must be construed to mean either "heirs of the body" or "children," for the reason that, aside from the improbability that Robinson O. Monk would die without heirs general, the contingency upon which the land was to pass to the grandchildren and such actual passing of the land—if "heirs" means heirs general—are inconsistent and could not both occur, as Robinson O. Monk could not die without heirs general so long as there were any grandchildren of the testator, his father, to take under the will—which inconsistency would not exist if the word "heirs" be taken to mean either "heirs of the body" or "children."

But there is no specific devise of an interest in the land to Robinson O. Monk's "heirs," whether taken to mean either "heirs of the body" or "children," and, if they take any estate under the will, it also must arise by implication. The respondent's argument seems to be that "heirs" means "heirs of the body"; that an estate in remainder arose by implication in the heirs of the body of Robinson O. Monk; and that by application of the rule in *Shelley's case,* Robinson O. Monk took a fee-conditional, and hence, the condition having been fulfilled by the birth of children, has the power to alienate the land in fee-simple.

Bearing in mind the rules of construction announced, ■■ we do not think that the language used in the will is sufficient to create an estate in the "heirs of the body" of Robinson O. Monk, and hence he could not take a fee-conditional. Nor do we think that any estate would arise by implication in the "children" of Robinson O. Monk. *Barber v. Crawford,* 85 S. C., 54, 67 S. E., 7; Id., 86 S. C., 51, 67 S. E., 1135; *Shaw v. Erwin, supra; Adams v. Chap-*

*lin,* 1 Hill Eq., 265; Edwards v. Barksdale, 2 Hill Eq., 184; *Edwards v. Edwards,* 2 Strob. Eq., 101; *Wilson v. Poston,* 119 S. C., 67, 111 S. E., 873; *Lawrence v. Burnett, supra.*

In our view of the matter, Robinson O. Monk took a life estate in the land with remainder in the grandchildren if he should die without heirs of the body, and if he should die with heirs of the body the land would become intestate property of the testator. *Lawrence v. Burnett, supra.*

The order appealed from is reversed.

MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.

MR. JUSTICE COTHRAN (concurring) : I concur in the opinion of Mr. Justice Stabler reversing the order appealed from for the reasons stated by him, with this addition:

If the case of *Addison v. Addison,* 9 Rich. Eq., 58, had been decided after the Act of 1853 and had construed a will effective thereafter, it would have been a very persuasive authority in support of the Circuit decree in the case at bar.

The will in that case was dated in 1849 and the testator died in 1850, both events antedating the Act of 1853, Section 5323 of the Code, Vol. 3, which is as follows: "Whenever, in any deed or other instrument in writing, not testamentary, hereafter executed, or in any will of a testator hereafter dying, an estate, either in real or personal property, shall be limited to take effect on the death of any person without heirs of the body, or issue, or issue of the body, or other equivalent words, such words shall not be construed to mean an indefinite failure of issue, but a failure at the time of the death of such person."

The *Addison case* construed a will quite similar in its provisions with the will under review in the case at bar, and the Court construed it as creating a fee conditional; but the decision of the Court contained the following very pertinent declaration: "It follows, that if in this litigation we must construe the words of the will describing the event on which the estate was to go over as equivalent to dying with-

out issue living at the death of Joseph, his life estate cannot be enlarged by implication. The consequence would be, in the event which has happened of the primary legatee's leaving issue, that the property is undisposed of, as it cannot go to himself, his issue, or the ulterior legatees; and that the testator has miscarried in the attempt to dispose of his whole estate."

The Act of 1853 forces the very construction which in the *Addison case* is held would have prevented the enlargement of the life estate of Robinson O. Monk by implication either into a fee-simple absolute of a fee-simple conditional. See, also, the concurring opinion of Mr. Justice, later Chief Justice, Gary in the case of *Harkey v. Neville,* 70 S. C., at page 136, 49 S. E., 218; *Bomar v. Corn,* 150 S. C., 111, 147 S. E., 659.

Another consideration is that the remainder over to the grandchildren upon the death of the life tenant without issue is contingent of course, but it is an executory devise, and the rule laid down in *Bomar v. Corn* and also *Drummond v. Drummond,* 146 S. C., 194, 143 S. E., 818, is that the fee-conditional cannot exist where there is a valid executory devise.

I am of opinion, therefore, that the decree of the Circuit Court should be reversed, and the complaint dismissed.