## 12247

### HUDSON *ET AL.* v. LEATHERS *ET AL.*

#### (139 S. E., 196)

1. WILLS—UNDER WILL HELD GRANDCHILDREN COULD NOT BE SUBSTI-TUTED AS LEGATEES AS TO ANY PROVISION FOR TESTATRIX'S CHILDREN, IN CASE HER CHILDREN SURVIVE HER.—The "provisions" made for testatrix's children, which will directs shall inure to the benefit of their children in case they predecease her, *held* to apply not only to the direct gifts to them, but to the further provisions for them out of the share given in trust for the son of a deceased daughter,

---

NOTE: On the question of limitation of fee after fee by way of executory devise, see 11 R. C. L., 470; 2 R. C. L. Supp., 1259.

Executory devise considered as certain interests and estates, see 11 R. C. L., 484; 2 R. C. L. Supp., 1261.

in case he died before attaining majority or thereafter unmarried, and childless; so that testatrix's children surviving her, all provisions made for them became absolute and indefeasible.

2. TRUSTS—TRUSTEES' ACTIVE DUTIES OF EXPENDING INCOME IN MAINTENANCE AND EDUCATION OF MINOR BENEFICIARY HELD TO PREVENT STATUTE OF USES EXECUTING TRUST DURING BENEFICIARY'S MINORITY.—Under will giving property to trustees for a minor and directing that they hold it till he attains his majority, unless he sooner died, the income to be expended in his maintenance and education, the active duties will prevent the statute of uses from executing the trust during the beneficiary's minority.

3. TRUSTS—TRUSTEES BEING DIRECTED MERELY TO HOLD PROPERTY AND EXPEND INCOME DURING BENEFICIARY'S MINORITY, TRUST WILL CEASE AND STATUTE OF USES WILL TRANSFER ON HIS ATTAINING MAJORITY.—Under devise to trustees for a minor, they being directed merely to hold the property during his minority, the income to be expended in his maintenance and education, the trust will cease if and when he attains majority, and the statute of uses will then execute the use and transfer the legal title to him.

4. WILLS—UNDER WILL BENEFICIARY OF TRUST FOR HIS MINORITY HELD, ON ATTAINING MAJORITY, TO TAKE A FEE-SIMPLE ESTATE DEFEASIBLE ON HIS DYING UNMARRIED AND CHILDLESS.—Under will giving property in trust for testatrix's grandchild, the trustees to hold the property during his minority, the income to be expended in his maintenance and education, with direction that should he die before attaining majority the trustees should divide his portion among the other devisees, and that if he should die after attaining his majority, unmarried and childless, his portion should be divided among the other devisees, the grandson on attaining majority will take a fee-simple estate defeasible on his death thereafter unmarried and childless.

5. PERPETUITIES—LIMITATION OVER ON DEATH UNMARRIED AND CHILDLESS OF BENEFICIARY OF TRUST DURING MINORITY, WHO, ON ATTAINING MAJORITY, WOULD TAKE FEE-SIMPLE ESTATE DEFEASIBLE, HELD VALID, NOT VIOLATING RULE AGAINST PERPETUITIES.—Limitation over in case of death, unmarried and childless after reaching majority, of one for whom property was devised in trust during his minority, but who on attaining majority would take a fee-simple estate defeasible on his thereafter dying unmarried and childless, is valid, it not violating the rule against perpetuities.

6. WILLS—LIMITATION AFTER A FEE-SIMPLE ESTATE APPEARING IN WILL CAN TAKE EFFECT, NOT AS A REMAINDER, BUT AS AN EXECUTORY DEVISE.—Where under a will one attaining a majority takes a fee-simple estate defeasible on his thereafter dying unmarried and

childless, the limitation over to others in that event takes effect as an executory devise, and not as a remainder, as a remainder cannot be limited after a fee.

7. WILLS—CHILDREN OF TESTATRIX, TO THE EXCLUSION OF THEIR CHILDREN, HELD THE ONLY EXECUTORY DEVISEES, AND SO ALONE TO HAVE INTEREST IN THE EXECUTORY DEVISE AS PURCHASERS, THERE BEING NO SUBSTITUTION UNLESS THEY PREDECEASED TESTATRIX.—The will making substitution for the children of testatrix, as devisees, of their children only in the event that her children predeceased her, and they not having done so, her children would be the only executory devisees under devise to another, with provision that should he die unmarried and childless after attaining majority his portion should be divided among the other devisees; so that though they predeceased such devisee, their children would have no interest in the executory devise as purchasers under the will.

8. WILLS—LIMITATION OVER TO TESTATRIX'S THEN CHILDREN, BECAUSE TO PERSONS IN ESSE AND ASCERTAINED, HELD VESTED, IN SECONDARY SENSE, AND A TRANSMISSIBLE INTEREST.—The limitation over to the other devisees, the children of testatrix, of the share of a devisee in case he dies unmarried and childless after attaining majority, is in the secondary sense vested, because it is to persons in esse and ascertained, and is a transmissible interest, and so may be released.

Before MAULDIN, J., Greenville, Summer Term, 1926. Affirmed.

Suit by Wilton T. Hudson and William Austin Hudson, etc., and others against Lois Hudson Leathers and others. From the decree the defendants, other than the one named, appeal.

The will, master's report, and decree are as follows:

THE WILL

South Carolina, Greenville County.

In the name of God, amen!

I, Rosaline Hudson, of the State and County aforesaid, do hereby make and ordain this my last will and testament —hereby revoking all former wills.

*Item 1*

I desire and will that all my just debts and funeral expenses be first paid out of any money that may be on hand

at the time of my death, supplemented if necessary out of the personal and real estate, and authority is given my executors to sell any portion thereof at public or private sale for such purpose.

### Item 2

I direct and will that all my personal and real property wherever situated be divided into six equal parts, and I bequeath and devise one equal part thereof unto each of my children Annie Lee Hill, Waddy H. Hudson, Wilton T. Hudson and W. Austin Hudson, one equal part thereof to Wilton T. Hudson and W. Austin Hudson as trustees for my grandson Lois Hudson Leathers and one equal part thereof to Wilton T. Hudson and W. Austin Hudson as trustees for my husband William A. Hudson. In the distribution of said estate I direct that Annie Lee Hill shall account for one thousand dollars the value of house and lot corner of Washington and Lloyd Streets heretofore conveyed by me to her.

### Item 3

If the parties designated in item 2 can agree upon a division of the property among themselves they may do so; if they cannot agree, then I direct that three disinterested persons be appointed by my executors with the approval of a majority of the other devisees named, who shall divide the property as in their judgment, or in the judgment of a majority of them, may be just and equitable. In either event the executors shall execute deeds to the several parties interested of their respective portions. If either of the above plans be, in the judgment of the parties named, or in the judgment of a majority of them for any reason impracticable, the executors are directed to sell the property at public outcry upon such terms as they may deem expedient, and divide the proceeds among the parties named in item 2 equally.

### Item 4

The portion devised to trustees for my grandson Lois Hudson Leathers, in item 2, I direct shall be held by them until said grandson shall have attained his majority, the income thereof to be expended in his maintenance and education. Should my said grandson die before attaining his majority I direct that the trustees divide said portion among the other devisees according to the terms of this will; and if my said grandson should die after attaining his majority, unmarried and childless, I direct that the portion allotted to him be divided equally among the other devisees herein according to the terms of this will.

### Item 5

The portion devised to trustees for William A. Hudson, in item 2, I direct shall be held by them during the lifetime of my husband William A. Hudson. They shall pay to him during his lifetime, and until said portion is exhausted, annually, beginning at the time of partition, a sum equal to the quotient obtained by dividing the portion allotted to said trustees, with accrued interest, by the expectancy of life of said William A. Hudson at the time of my death, according to the Table of Mortality set forth in Acts of 1903, page 96. Should any part of it be undisposed of at the time of his death, I direct that it be divided equally *per stirpes* among the children and grandchild named in item 2. Should it be deemed more advisable in the partition, the portion allotted to said trustees may be paid off entirely in money, the other parties named making up said sum to the trustees. Should the said William Alexander Hudson encumber his interest under this will, voluntarily or otherwise, or should any creditor attempt to subject said interest to the payment of his debts, I direct that the provisions of this will for his benefit cease and determine, and that the same shall be held by said trustees for the benefit of the children named in

item 2. Should said trustees receive any part of the share allotted to my grandson by reason of his death, as provided in the preceding item, I direct that they shall hold it subject to the same conditions and limitations as herein provided, except that the expectancy of life of said William A. Hudson shall be taken as at the time of the death of my said grandson.

## *Item* 6

I direct that the provisions made for my children shall inure to the benefit of such children as they may leave living in case they or any of them predecease me; that is to say that I intend such provisions to be *per stirpes*.

## *Item* 7

I appoint my sons Wilton T. Hudson and William Austin Hudson executors of this will.

In witness whereof I have hereunto set my hand and seal this 20th day of August, A. D. 1907.

ROSALINE HUDSON.   [L. S.]

Signed, sealed and acknowledged in the presence of us and witnessed in the presence of the testatrix and in the presence of each other.

Interlineations on page 2 "and grandchild" made before signing.

OSCAR HODGES
GRACE DEAL
T. P. COTHRAN

## MASTER'S REPORT

This is an action by Wilton T. Hudson and William Austin Hudson, individually and as executors of the last will and testament of Mrs. Rosaline Hudson, deceased, Annie Lee Hill and Waddy H. Hudson for the construction of the will of Mrs. Rosaline Hudson concerning the interest therein

devised to the defendant Lois Hudson Leathers. Pursuant to an order of the Circuit Court a reference was held by me on the 20th day of May, 1925, at which time certain testimony was given by the two executors of the will of Mrs. Hudson, the greater part of which was incompetent in that it attempted to vary, contradict, and alter the will. However, it was taken by me for the purpose of throwing some light on the real intention of the testator in the disposition of her property. It is a very interesting fact that all the parties to the suit are of one mind in regard to the interest of the estate of Mrs. Rosaline Hudson, apportioned to Lois Hudson Leathers, that is to convey to the said Lois Hudson Leathers an absolutely good fee-simple title to his share of the estate, if it can be legally done. They imagine, and not without considerable merit, that under item 4 of the will (a copy of which is attached and made a part of the complaint), if Lois Hudson Leathers reaches his majority, a fee-simple title will vest in him to his share of the real estate, defeasible upon his death unmarried and childless.

The second reference was held by me on June 3, 1926, at which all parties to this suit were properly represented by counsel; at said reference two deeds were introduced in evidence, the first of which was a deed from Wilton T. Hudson and Wiliam Austin Hudson, as executors, to themselves, as trustees for Lois Hudson Leathers; and the second a deed from Wilton T. Hudson, William Austin Hudson, Annie Lee Hill, and Waddy H. Hudson to Lois Hudson Leathers, in which they have conveyed to him absolutely all of the right, title, and interest, whether by reversion or otherwise, under the terms of the will or otherwise, which they have or may have in the property apportioned to the defendant Lois Hudson Leathers, agreed upon by all the parties at interest as a fair division of the estate in accordance with the terms of the will. The above-mentioned deeds are properly executed and are in the custody of the master.

If this report is sustained, the first deed above referred to is to be delivered to said trustees; but the second deed is to be retained in the custody of the Court and delivered to Lois Hudson Leathers upon his attaining the age of 21 years. The execution and delivery of the above-mentioned deeds, in my opinion, simplifies very much a proper determination of this proceeding.

Three specific requests are made in the prayer of the complaint. The third request is whether the plaintiff's deed last above referred to is effective to bar the contingent remainder apparently created in favor of said plaintiffs under item 4 of said will, etc.

In my opinion, and I so hold, the execution and delivery by the plaintiffs to the said Lois Hudson Leathers of the deeds above referred to, conveying to him all their interest in the property which has been allotted to him under said will, will be effective to bar the contingent remainder apparently created in favor of said plaintiffs under item 4 of said will. This will, of course, make unnecessary the consideration of the other questions raised in the proceeding.

I am convinced after a careful reading of the will of Mrs. Rosaline Hudson that it was the intention of the testator that her grandson, Lois Hudson Leathers, upon his reaching his majority, was to receive an absolute fee to the portion of the estate allotted to him.

In item 6 of the will testator provides as follows:

"I direct that the provisions made for my children shall inure to the benefit of such children as they may leave living in case they or any of them *predecease me;* that is to say that I intend such provisions to be *per stirpes."*

In construing this item, it seems clear to me that the testator created a definite class of persons who could take, or who could be benefited, by the death of her grandson Lois Hudson Leathers, regardless of the time of his decease. The

facts are that at the time of the death of the testator she left surviving her the four plaintiffs to this action and the defendant Lois Hudson Leathers as her only heirs at law. I therefore hold that, under the terms of item 6 of said will, the plaintiffs to said action are the only persons to whom the property allotted to Lois Hudson Leathers could descend under the will, and that such being the case the said plaintiffs are within their rights to execute and deliver the deeds above referred to, and that the same convey to the defendant Lois Hudson Leathers an absolutely good fee-simple title to the property described therein, and bars the said plaintiffs or any other person or persons, born or unborn, claiming, or to claim, as their heirs, or as the heirs of Mrs. Rosaline Hudson, from any further interest in said property in the event the said Lois Hudson Leathers should die subsequent to the time of his reaching his majority unmarried and childless.

I further recommend that when the said Lois Hudson Leathers reaches 21 years of age that the trustees Wilton T. Hudson and William Austin Hudson, do execute and deliver to him a fee-simple deed to the property conveyed to them as trustees for him by themselves as executors.

A copy of the testimony is hereto attached and made a part of this report.

I find that the partition of Mrs. Rosaline Hudson's estate agreed upon by the parties in interest is a fair and equitable one and should be confirmed.

### Decree of the Circuit Judge

This matter comes on for a hearing before me on exceptions to the master's report filed in the above-entitled case.

It is an action for the construction of the last will and testament of Mrs. Rosaline Hudson, deceased, or at least so much thereof as has to do with the interest therein devised to the defendant Lois Hudson Leathers.

It appears from the records in this case that at the time of Mrs. Rosaline Hudson's death, she left surviving as her only heirs at law her four children, the plaintiffs in this action, and her grandson, the defendant Lois Hudson Leathers, a son of a predeceased daughter. The four children of Mrs. Hudson and her grandson, Lois Hudson Leathers, are very desirous of dividing the property left by her as provided for in the will and have agreed among themselves to an equal distribution thereof. For the purpose of carrying out this distribution, deeds to the various parts assigned to each of the devisees have been executed by the executors in accordance with the terms of the will, and a second deed has been executed in favor of the defendant Lois Hudson Leathers by the four children of the testator, conveying to the said Lois Hudson Leathers all of their right, title, and interest in the share set apart to him to which they might be entitled as remaindermen or otherwise.

I will not consider each of the exceptions of the minor defendants other than Lois Hudson Leathers separately, but will consider them as a whole.

After considering the same carefully, I am convinced that the master is correct in his conclusions and it is therefore ordered and decreed that all of the exceptions to his report be overruled, and that the report of the master be confirmed and made a part of this decree.

It appearing to the Court that the partition of the estate of Mrs. Rosaline Hudson agreed upon by all parties in interest is a fair and just one, it is further ordered and decreed that the same be and is hereby confirmed in all respects.

It is further ordered and decreed that the master deliver at once to Wilton T. Hudson and William Austin Hudson, as trustees, the deed executed to them as trustees by themselves as executors and more fully described in the master's report.

It is further ordered that the deed dated August 17, 1922, executed by the plaintiffs individually to the defendant Lois Hudson Leathers, conveying to him all their interest in the same two lots of land described in the deed last above mentioned, be retained in the custody of the Court until said Lois Hudson Leathers shall attain the age of 21 years, and then delivered to him by the master in equity for said County; and that said deed shall then be valid and effective to complete the vesting in said Lois Hudson Leathers of a good fee-simple title to said land, and to bar all persons, born and unborn, who may then or at any subsequent time be heirs at law of said Rosaline Hudson or of any of her children.

It is further ordered that upon the said Lois Hudson Leathers reaching the age of 21 years, the two trustees, Wilton T. Hudson and William Austin Hudson, do execute and deliver to him, in fee simple, a deed to the property conveyed to them as trustees for him. This cause was "Heard" during term time of summer term, 1926, of Common Pleas Court, Greenville County.

*Messrs. Charles & Beaty,* for appellants, cite: *Intention of testator should prevail in construction of will:* 19 S. C., 345. *The rule in favor of early vesting of estates yields to the intent of the testator:* 101 S. E., 738; 48 S. E., 633; 37 Me., 363. *The will did not create a definite class of persons who could take:* 23 S. C., 216. *A contingent interest in favor of unascertained persons is not transferable:* 1 Tiffany on Real Prop. (2nd Ed.), 528; 26 S. C., 450; 66 S. C., 155; 72 S. C., 179; 78 S. C., 317.

*Messrs. L. O. Patterson* and *Perrin & Tinsley,* for respondent, cite: *Construction of will:* 123 S. C., 127; 87 S. C., 60; 30 L. R. A. (N. S.), 115; 102 S. C., 7; 104 S. C., 441; 77 S. C., 457; 93 S. E., 215. *"Unmarried":* 8 Words & Phrases, 7196. *Intention of testator governs regardless*

*of any arbitrary rule of law:* 46 S. C., 264; 123 S. E., 854.
*Law favors early vesting of estates and construction of
remainders as vested rather than contingent:* 128 S. E., 837.

August 22, 1927.

The opinion of the Court was delivered by MR. JUSTICE
BLEASE.

This suit was brought in the Court of Common Pleas
of Greenville County for the construction of certain clauses
of the last will and testament of Mrs. Rosaline Hudson,
deceased. The cause was referred to Master Inman. His
report was favorable to the views and contentions of the
plaintiffs, and the report was confirmed by Hon. T. J.
Mauldin, Circuit Judge. The will, master's report, and the
decree of the Circuit Judge will be incorporated in the re-
port of the case.

The action was instituted by Wilton T. Hudson and Wil-
liam Austin Hudson, individually and as executors of said
will, and by Annie Lee Hill and Waddy H. Hudson, against
Lois Hudson Leathers and all the living children and grand-
children of plaintiffs, who are made defendants individually
and as representatives of a class, to wit, the class comprising
all of the plaintiffs' descendants who may be living at the
time of the death of the said Lois Hudson Leathers. The
four children of testatrix, mentioned in item 2 of the will,
survived testatrix; William A. Hudson, mentioned in said
item, predeceased testatrix. The other beneficiary men-
tioned in said item, Lois Hudson Leathers, is the son of a
predeceased daughter of testatrix and is one of the defend-
ants herein.

The complaint prays that the Court construe said will in
three particulars, to wit:

"(1) Whether the lands and other property to be allotted
to Lois Hudson Leathers under the terms of said will are to

be held in trust until he, shall attain the age of 21 years, and then become the absolute property of the said Lois Hudson Leathers, freed and discharged of all trusts, or whether they are to be held in trust during his entire lifetime.

"(2) If the latter construction be correct, then whether the trustees of the said Lois Hudson Leathers are to pay him the whole or any portion of the income accruing upon said property after he shall attain the age of 21 years; and whether said trustees will have power to sell said property and convey a valid title thereto at any time during the life of said Lois Hudson Leathers, or after his death.

"(3) Whether, if the plaintiffs execute and deliver to said Lois Hudson Leathers a deed conveying to him all their interest in the property which may be allotted to him under said will, such deed will be effective to bar the contingent remainder apparently created in favor of said plaintiffs under the fourth item of said will, or whether, if the plaintiffs, or any of them, shall predecease the said Lois Hudson Leathers, and he shall happen to die unmarried and childless at any time after attaining his majority, the descendants (who then may be in existence) of such of the plaintiffs as may have died prior to that time can have any claim to said lands by way of contingent remainder or otherwise."

The exceptions here question the correctness of the conclusions reached by the master and Circuit Judge. Without considering these exceptions *seriatim,* we proceed to a determination of the questions presented. The will, we think, is clear and free from difficulty.

Item 2 directs that the estate of testatrix, both real and personal, be divided into six equal parts, and gives one part to each of her named four children (the plaintiffs herein), one part to two of said children as trustees for Lois Hudson Leathers, and the other part to the same two children as trustees for the husband of testatrix, William A. Hudson.

Item 3 provides the manner or methods of effecting said division: (1) By agreement, between and among the said beneficiaries; (2) if such agreement cannot be had, then by three disinterested parties appointed as therein provided; (3) if plans (1) and (2) for any reason be impracticable, then executors to sell the property at public outcry upon such terms as they may deem expedient, and divide the proceeds among the parties mentioned in item 2 equally. The executors are directed to execute deeds to the several parties in any event. We gather that division has been made in accordance with plan (1), and deeds have been executed by the executors to the several parties.

Item 5 relates to the part intended for testatrix's husband, but since he predeceased her it becomes inapplicable.

Item 6 provides that in case either or all of the four children named in item 2 should predecease testatrix, the part or parts given to such child or children should inure to the benefit of the respective children of such predeceased child or children of testatrix *per stirpes.* Construing items 2 and 6 together, therefore, in so far as the four named children are concerned, we have this situation, to wit: One equal share was intended for each of said four children, provided he or she survived testatrix, but in the event he or she predeceased testatrix the children of such predeceased child were substituted in the place and stead of their parent to take among them *per stirpes* the share the parent would have taken, had he or she survived testatrix. Since the said four children survived testatrix, this alternative provision can never become effective, and, necessarily, is inapplicable. It will further be noted that item 6 provided that the provisions made for said children should inure to the benefit of their respective children in case of death before testatrix. The provisions here referred to not only embrace the part given in item 2, but also any prospective interests under the limitations over to them in items 4 and 5. Upon their survival of testatrix, the provisions made for

her said children by testatrix became absolute and indefeasible.

It remains to consider the provision for the defend-
ant Lois Hudson Leathers. What estate did he take
under the will? Item 2 gives one part to trustees for
him, and item 4 directs that said trustees should hold the
same until he attains his majority, unless he sooner dies, the
income thereof to be expended in his maintenance and education. The active duties will prevent the statute of uses
from executing the use or trust during the minority of
Lois. There is no direction for the trustees to *convey* to
Lois said part upon his attaining his majority. The trust
will therefore cease if and when he attains his majority, and
the statute of uses will then execute the use and transfer
the legal title to him irrespective of whether or not a formal
deed is then executed to him by his trustees. If he fails
to attain his majority, the trustees are directed to divide said
portion among the other devisees under the will. This proceeding does not relate to this limitation. It has only to
do with the estate Lois will take if and when he attains his
majority. Plaintiffs do not contemplate, we gather from
the record, the divesting or barring themselves of and from
the limitation over to them in the event Lois should die before attaining his majority. They only propose to deed him
any and all interest they may have under the limitation over
to them, should Lois attain his majority and then die unmarried and childless, if by so doing they can give him a
fee-simple absolute and indefeasible. We then proceed to
determine the kind of estate Lois will have upon his attaining his majority. Upon this point the will provides as
follows:

"And if my said grandson should die after attaining his
majority, unmarried and childless, I direct that the portion allotted to him be divided equally among the other
devisees herein according to the terms of this will."

The other devisees mentioned in the will are the plaintiffs, children of testatrix (and in the event of the death of them or either of them prior to the death of testatrix, their respective children are substituted in the place and stead of them, which provision is now inapplicable since testatrix's children survived her), and the husband of testatrix. Since he predeceased her and the provisions made for him have become inapplicable, all parties to this action have regarded the estate of testatrix as divisible into five equal parts, and one of said parts passing under the will to each of the plaintiffs and one part to the defendant Lois Hudson Leathers. We therefore adopt this construction for the purposes of this action.

It is the opinion of this Court that, upon his attaining his majority, the defendant Lois Hudson Leathers will take a fee-simple estate in the share allotted to him defeasible upon his death thereafter unmarried and childless. Should Lois attain his majority and then die unmarried and childless, the limitation over will be good as it is not in violation of the rule against perpetuities. Since Lois will, upon his attaining his majority, take a fee-simple estate in the share allotted to him, the limitation over cannot take effect as a remainder, as it is a cardinal rule that no remainder can be limited after a fee. Such a limitation can take effect, however, as an executory devise if it appear in a will as in this case. At page 553, Tiffany, Real Property (2d Ed.), it is said:

"Similar to shifting uses are those executory devises which are preceded by a limitation of an estate in fee-simple to another. Thus, in the case of a devise to A. and his heirs, but, if he died before 21, then to B., the fee shifts from A. to B. on that event. In such a case, as in the case of a shifting use, the condition is precedent to the commencement of the estate in B., and is not a condition subsequent annexed to the estate of A. Shifting uses and executory devises which thus take effect in derogation of estates pre-

viously limited by the same instrument are frequently termed 'conditional limitations.' "

Clearly, it was the intention of testatrix that Lois should have, upon his attaining his majority, a fee-simple estate in the share allotted to him, not absolute, but subject to be divested upon his death thereafter unmarried and childless. The limitation over, upon the happening of said event, was to take effect in derogation of the estate previously limited to him, and is that branch of a conditional limitation known as a shifting executory devise.

Since there is no substitution of the children or other issue of plaintiffs in the event they (plaintiffs) should die prior to the death of Lois, they, and they only, are the executory devisees. Had testatrix so desired, she could have made such substitution, and had she done so and had the primary executory devisees died before the death of Lois unmarried and childless, then, and in that event, such substitutional executory devisees would have taken directly under the will as purchasers. Since there is no such substitution, to hold that the children or other issue of plaintiffs would have any interest in said executory devise as purchasers would be to add a provision to the will not contemplated by testatrix.

Having determined that plaintiffs only are executory devisees, we next inquire, What kind of estate do they take? In Tiedeman on Real Property, Section 531, it is said:

"Executory Devises, Vested or Contingent.—The devise is vested where the person who is to take is *in esse,* and is ascertained, and when the event upon which he is to take is also certain. Such a devisee takes a vested future estate. When the estate is to vest upon an uncertain event or in a person not definitely ascertained, the executory devise is contingent and partakes of the nature of a contingent remainder."

In this connection, it is proper to call attention to the

double meaning of the term "vested." Section 118 of Gray on Perpetuities is as follows:

"The term 'vested' has been hitherto considered (i. e., in the preceding Section) as it is used in questions of remoteness; but it has also another meaning, which is so frequently given to it, that it cannot be styled improper. Such double meaning is, however, very unfortunate, as it has led to much confusion. This other meaning of 'vested' is 'transmissible.' Thus, if an estate is given to A. and his heirs, but if he dies unmarried then to B. and his heirs, here, in the first sense, B.'s interest is not vested, for it is subject to a condition precedent; in the second sense, it is vested, for it is transmissible to B.'s heirs. The rule against perpetuities does not concern itself with this secondary meaning of the word 'vested.' Thus if an estate is devised to A. and his heirs, with an executory devise over to B. and his heirs in case A. or his heirs ever cease to bear the name of the testator, the executory devise to B. is vested in the secondary sense, because it is transmissible from B. to his heirs; but it is nevertheless too remote, for in the primary sense it is not vested but contingent; that is, it is subject to a condition precedent."

In the secondary sense, the limitation over is "vested" because it is to persons *in esse* and ascertained, but in the primary sense it cannot become vested until the happening of the event which would cut short the estate of Lois, to wit, his death after attaining his majority unmarried and childless. Since the limitation over is "vested" in the sense that it is transmissible, it may be by plaintiffs devised, released, or in case of intestacy, it will descend to their heirs.

"At common law executory interests are but possibilities, and therefore not assignable by act *inter vivos*. In equity such interests are assignable upon the ground that the assignment is a contract whose specific performance will be decreed. In process of time the Courts of law took a more liberal view of such interests, and held them to be possibili-

ties coupled with an interest, and as such assignable, devisable, and transmissible by descent. An executory interest may likewise be released, or the person entitled may be estopped by his warranty deed." 21 C. J., 1023, par. 231.

"Executory devises are now generally considered not as bare possibilities, but as certain interests and estates, and as such to be assignable, devisable, and transmissible to the representatives of the devisee, provided that the identity of the latter is certain, and that the object of the devise is fixed. Such executory devises descend upon the death of the devisee in the same course of descent as does other real estate or interest in real estate in all cases where the will establishing the devise described the devisee with certainty." 11 R. C. L., 484, § 25.

"Executory devises or bequests are not naked possibilities but are in the nature of contingent remainders, and are transmisible and consequently devisable." 40 Cyc., 1049.

See, also, 18 C. J., "Descent and Distribution." § 24; *Mc-Donald's Exor. v. McMullen,* 2 Mill Const., 91; *Dickson v. Dickson,* 23 S. C., 216.

Having held that plaintiffs, upon their surviving testatrix, took a transmissible executory interest in the share allotted to Lois, and that neither their children nor other issue took any interest as purchasers under said will, it follows that plaintiffs may, if they so desire, convey said interest to Lois and thereby divest themselves of all interest in said executory devise, and by general warranty may bind their heirs, executors, administrators, and all other persons as effectually as they can by a general warranty deed to any other property they may own.

The exceptions are overruled, and the decree of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE COTHRAN did not participate.