12635

BOMAR v. CORN *ET AL.*

(147 S. E., 659)

112

*Messrs. J. Davis Kerr, Jr.,* and *Frank B. Gary, Jr.,* for appellants,

Mr. L. Keith Leonard, also for appellants, ▮

Mr. Thos. B. Butler, Jr., for respondent, ▮

April 9, 1929.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of his Honor, Judge Dennis, upon a rule issued against J. R. Snow, the purchaser at a foreclosure sale, to show cause why he should not be required to comply with his bid.

The land in question was sold by the master of Spartanburg County under a decree of foreclosure in the case of Horace L. Bomar against W. A. Bennett.

J. R. Snow became the purchaser at the sale and declined to comply upon the ground that the mortgagor, W. A. Bennett, did not have a fee-simple title to the land.

The Court ordered Snow to show cause why he should not be required to comply with his bid; he filed a return to the rule suggesting that certain persons be made parties that their rights in the premises might be determined. Accordingly Thomas Bennett, a brother of W. A. Bennett, and Mary Corn and Agnes Bennett, minor children of W. A. Bennett, were made parties.

Thomas Bennett answered claiming a possibility of reverter under the will of his mother, Mary R. Bennett, under whose will W. A. Bennett claimed the property.

Mary Corn and Agnes Bennett, children as stated, of W. A. Bennett, answered claiming that under said will they were tenants in fee-simple of the land along with their father.

The matter was referred to the master to hear and determine the issues of law and fact. He reported that in his opinion W. A. Bennett took under the will a "vested fee conditional estate subject to be divested by his death without surviving bodily issue." Upon exceptions to his report, his Honor, Judge Dennis, passed a formal order confirming the master's report and ordering Snow to comply with his bid. Snow, Mary Corn, and Agnes Bennett have appealed from that order.

The issue presented is the proper construction of the will of Mrs. Bennett as affecting the title of W. A. Bennett.

The lady owned a home place containing 80 acres; she had a husband, A. P. Bennett, and two sons, Thomas and William, besides certain grandchildren, children of a deceased son.

The will is obscure and to some extent contradictory. While the rule generally announced is that the intention of a testator is a controlling factor in the interpretation of a will, at the same time it is recognized universally that that intention must be gathered, not outside of the will or by conjecture, but from the terms of the will.

Here the will directs that the estate, 80 acres, shall "remain as my estate, until the marriage or death of my husband A. P. Bennett"; that at her death it should be divided into three equal tracts, the home place for the use of her husband for life, one other tract for the use of Thomas "or his children," and the third tract for the use of William "or his children." Up to this point no estate has been devised to William; the third tract still remains a part of the estate of the testatrix, the *use* of which is given to William or his children; evidently providing for the contingency of William's death prior to her own, in which event the children would enjoy the use until her death. That was the disposi-

tion intended during the period of the husband's life or unmarried state.

She then provides for the distribution of the entire 80 acres (which in the meantime continued or "remained" as her estate) at the marriage or death of her husband.

Thomas was given two of the subdivisions, 53 1/3 acres, to him "and heirs of his body their natural lives," a sufficiently complex provision, fortunately not now involved.

William was given the third tract under this provision: "I give devise and bequeath during their natural lives, to William A. Bennett and his children twenty-six and two-thirds acres of land, to hold and defend the rights unto them forever against all persons claiming any part thereof."

It is permissible to transpose the clauses of a devise in the effort to reach a proper construction of it.

The paragraph may therefore read: "I give devise and bequeath to William A. Bennett and his children, 26 2/3 acres of land, during their natural lives, to hold and defend the rights unto them forever against all persons claiming any part thereof."

Several considerations lead us to the conclusion that the testatrix intended to devise a fee-simple title to William A. Bennett and his children as joint tenants:

1. The will indicates that she did not intend to die intestate as to any of her property;

2. It indicates also that she did not intend her other son Thomas to have any interest in the land devised to William and his children, except in the event that William should die without bodily heirs;

3. Under Section 5343 of the Code, words of limitation (inheritance?) are not necessary to convey an estate in fee simple by devise; every devise shall be considered as one in fee simple, unless such a construction be inconsistent with the will.

4. The limitation "during their natural lives" is inconsistent with the presumption under the statute that a fee-simple estate was intended; and it is inconsistent with the ap-

parent absolute power of control and disposition given by the last clause of the paragraph. We do not think that a clause which is inconsistent with both that which precedes, and that which follows, should be deemed sufficient as creating such an inconsistency as would defeat the construction under the statute.

The provision, "If either of my living sons shall die leaving no bodily heirs, then the land shall revert to the surviving child," is made the basis of an inference that no estate was intended to be given to the children.

We do not think that the inference is justified. That provision creates an executory devise, directly, so far as the interest of William is concerned; it necessarily created an executory devise, indirectly, so far as the interests of the children are concerned; for if William should die without bodily heirs, his children necessarily will have preceded him in death, and ther interests will have passed to the executory devisee.

It is impossible to construe the will as creating a fee conditional in William for two reasons: (1) A fee conditional cannot be created by implication. *Adams v. Chaplin*, 1 Hill, Eq., 265. (2) There can be no fee conditional where there is a good executory devise over. *Edwards v. Barksdale*, 2 Hill Eq., 184.

Our conclusion is that William and his children take under the will as joint tenants in fee simple, subject to the executory devise above quoted; that for this reason a marketable title cannot be conveyed to Snow; and that the rule should have been discharged.

Decree reversed.

Mr. Chief Justice Watts and Messrs. Justices Blease, Stabler and Carter concur.