12780

MURCHISON NAT. BANK v. McINNIS *ET AL.*

(150 S. E., 895)

*Messrs. Tison & Miller,* for appellants,

*Messrs. McColl & Stevenson,* for respondents,

December 10, 1929.

The opinion of the Court was delivered by MR JUSTICE BLEASE.

The plaintiff has contracted to sell to the defendant, John McInnis, and the latter has agreed to buy, a certain lot of land in the town of Clio, Marlboro .County. McInnis questions the plaintiff's claim that it is the owner of the fee-simple title to the premises. To test the matter, this suit, with all proper persons made parties, so the parties hereto say, was instituted. The facts are agreed upon by proper stipulation. His Honor, Circuit Judge Dennis, heard the cause, and filed a decree favorable to the plaintiff, from which McInnis and the infant defendants have appealed.

The answers to the legal issues involved depend mainly upon a proper construction of a certain item of the last will and testament of Colonel T. N. Edens, and a codicil to his will, which are as follows :

Item Fourth : "I give, devise and bequeath unto my daughter, Drusilla McGilvary, the Five Forks place or plantation containing two hundred and eighty acres, more or less. I also give, devise and bequeath to my said daughter Drusilla a lot in Clio, fronting on the Rockingham road and adjacent to the one heretofore conveyed to my daughter, Annie Hamer, and of the same size and North of Annie's. I also give, devise, and bequeath to my said daughter, Drusilla, the house and lot in Clio in which Charles Barrington now lives on the north side of the Red Bluff road, containing one acre with fifty yards front."

Codicil : "My daughter, Drusilla P. Edens, having died since the making and publishing my will, I hereby make and publish the following Codicil, viz. : That wherever my daughter Drusilla McGilvary's name appears on each and every line I wish it changed to the name of her daughter, Mary McGilvary, and that she, Mary McGilvary, shall receive and inherit all the property given and bequeathed to her mother,

Drusilla, by her father, T. N. Edens, to have and to hold during her lifetime, and should she die without issue, in that event, all the property received by devise from her grandfather, T. N. Edens, shall go back and be the property of said T. N. Edens or his other children."

Essential facts, including certain matters of family history, are agreed to as follows:

The devisee, Mary McGilvary, intermarried with Julian B. Hamer and later with Clifton H. Jackson. By the first union she had two children, and by the second union one child. By warranty deed, Mary conveyed a portion of the land mentioned in item 4 to J. D. Edens, a son of testator, who thereafter by warranty deed conveyed the lot involved in this action to J. C. Covington et al., and by successive conveyances the lot was conveyed to plaintiff, which now claims to own same in fee-simple.

Colonel Edens, the testator, was survived by his five children, Mrs. Annie Hamer, Nellie Edens, Sabra A. Edens, Clara Pearl Edens and Jefferson D. Edens, his granddaughter, the above-mentioned Mary McGilvary, daughter of a predeceased daughter, Drusilla McGilvary, and his widow, Sabra A. Edens.

Mrs. Annie Hamer is living, and appears in this action as Annie B. Barrentine.

Nellie Edens intermarried with Henry Herring, and thereafter died intestate, leaving as her only heirs-at-law her husband, her mother, the above-named sisters and brother, and niece, Mary McGilvary. Henry Herring thereafter intermarried with Mrs. Clara Fountain, and died testate, making his said wife his sole devisee.

Sabra A. Edens, Jr., died intestate on or about March 6, 1910, leaving as her only heirs-at-law her mother, Sabra A. Edens, Sr., her brother, J. D. Edens, her sisters, Annie B. Barrentine and Clara Pearl Godbold, and her niece, Mary McGilvary, now Mary McGilvary Jackson.

Clara Pearl Edens intermarried with L. W. Godbold, and died intestate in May, 1910, leaving as her only heirs-at-law her husband and one child, Duncan Godbold. L. W. Godbold subsequently died intestate, leaving as his only heir-at-law his son, Duncan C. Godbold.

Testator's widow, Sabra A. Edens, died intestate on or about October 4, 1910, leaving as her only heirs-at-law her children, Mrs. Annie B. Barrentine and Jefferson D. Edens, and her grandchildren, Mary McGilvary Jackson (daughter of Drusilla McGilvary) and Duncan C. Godbold (son of Clara Pearl Edens Godbold).

It will thus be seen that Annie B. Barrentine and Jefferson D. Edens are the only children of testator now living; that said Annie and Jefferson and Mary McGilvary Jackson, Duncan C. Godbold, and Clara F. Herring are the only persons who, as heirs-at-law of Nellie Edens, Sabra A. Edens (the daughter), and Sabra A. Edens (widow), and Clara Pearl Edens, or as heirs-at-law or devisees of any of their deceased heirs-at-law, could take any interest under the codicil of testator in the event the death of Mary McGilvary Jackson without issue.

Since Mary McGilvary Jackson conveyed the lot in question to Jefferson D. Edens, and he in turn conveyed same to J. C. Covington et al., they have divested themselves of all interest they have in said lot. In June, 1928, the said Annie B. Barrentine, Duncan C. Godbold, and Clara F. Herring conveyed and quitclaimed the said lot to plaintiff.

What kind of estate did Mary McGilvary (now Jackson) take under the codicil? We think that she took a fee-simple estate, to which was annexed a conditional limitation that renders it liable to be defeated upon her death without issue. *Bomar v. Corn,* 150 S. C., 111, 147 S. E., 659; *Drummond v. Drummond,* 146 S. C., 194, 143 S. E., 818; *Hudson v. Leathers,* 141 S. C., 32, 139 S. E., 196.

That part of the codicil which provides that, in the event of the death of Mary McGilvary without issue, the property

devised to her "shall go back, and be the property of said T. N. Edens," the testator, is a nullity, as a reversion is by operation of law, and not by deed or will. *Boyce v. Mosely*, 102 S. C., 361, 86 S. E., 771.

By "other children" testator meant to refer to his children other than the said Drusilla McGilvary. The limitation over to his other children was an executory devise to such of testator's children as could bring themselves within the class of "children" at his death. Such children took a vested, transmissible, executory devise. They, or their heirs or devisees, may deed or release their estate in the lands, or any part thereof, mentioned in item 4 of the will. *Hudson v. Leathers, supra.* That has been done. Plaintiff is, therefore, the owner of all interests and estates in the lot in question, and has a good, marketable, fee-simple title thereto.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS concurs.

MESSRS JUSTICES COTHRAN, STABLER and CARTER concur in result.

MR. JUSTICE COTHRAN (concurring in result) : This case involves a construction of the will of T. N. Edens, deceased.

By it he devised the real estate, which is the subject of this controversy, to his daughter "Drusilla" upon terms that under the Statute, 3 Code, § 5343 (Civ. Code, 1922), would have vested in her a fee-simple estate. She, however, died during the lifetime of the testator, and in consequence he executed a codicil to his will, which provided:

"That wherever my daughter Drusilla McGilvary's name appears on each and every line I wish it changed to the name of her daughter, Mary McGilvary, and that she, Mary McGilvary, shall receive and inherit all the property given and bequeathed to her mother, Drusilla, by her father, T. N. Edens, to have and to hold during her lifetime and should she die without issue in that event, all the property received

by devise from her grandfather, T. N. Edens, shall go back and be the property of said T. N. Edens or his other children."

It is impossible to link up the devise to Mary McGilvary (now Jackson) with the devise to Drusilla, so as to give Mary a fee-simple. Section 5343 provides:

"No words of limitation shall be necessary to convey an estate in fee-simple by devise, but every gift of land by devise shall be considered as a gift in fee-simple, unless such a *construction be inconsistent with the will of the testator, expressed or implied.*"

The will expressly provides that Mary shall take only *a life estate.* It cannot be conceived that the testator intended her to have *a fee-simple estate* when he has thus expressly limited her interest. We have then an estate to Mary for life, *with no disposition of the fee* upon the termination of the life estate, and necessarily the fee remained in the testator's heirs, subject, of course, to the life estate in Mary. It is not a case of *reversion,* which cannot be except where the fee has once passed out of the testator or his heirs; there can be *no return,* except where there has been a *departure.*

It is conceded in the argument for the respondent: "In terms, of course, it is a life estate to Mary McGilvary, but a remainder cannot be implied to her issue to take as purchasers"; and the following conclusive declaration of the Court in *Lawrence v. Burnett,* 109 S. C., 416, 96 S. E., 144, 146, is quoted: "In the granting clause, a life estate only is given to Simeon in express terms, coupled with a provision that, if he should die without a child, the land should revert. No disposition is made * * * if Simeon should die with a child, and there is no direct provision for the child, if any; and it is well settled that, in such a case, the child cannot take as a purchaser by implication." To the same effect are: *Carr v. Jeannerett,* 2 McCord, 66; *Carr v. Porter,* 1 McCord, Eq. 60; *Manigault v. Deas' Adm'rs, Bailey,* Eq. 298; *McLure v. Young,* 3 Rich. Eq., 559; *Addison v. Addison,* 9 Rich. Eq., 58.

It will be observed that the will simply provides for a disposition of the fee *upon the death of Mary "without issue"* (which under the statute, Civ. Code, 1922, § 5323, means at the time of her death); it does not provide for it upon her death *with issue,* and under the authorities cited the issue of Mary do not take as purchasers or in any other form, under the will. It seems to me irresistible, therefore, that the fee, upon the death of the testator, vested in his heirs-at-law, subject to the life estate of Mary.

The heirs of the testator at the time of his death were the widow, Sabra A. Edens, the granddaughter, Mary McGilvary, and the following daughters and son: Annie Hamer, Nellie Herring, Sebra Edens, Jr., Clara Godbold, and J. D. Edens. The widow inherited one-third, the granddaughter, Mary McGilvary, the interest which her mother, Drusilla, would have inherited, one-sixth of two-thirds, one-ninth, and the daughters and son each the same.

The first to die thereafter was Nellie Herring, leaving as her heirs-at-law her husband, her mother, her niece, Mary, and the other four sisters and brother (no children); her interest, one-ninth, devolved upon her husband one-half, and the other half equally among the other heirs-at-law named; the husband died having devised his interest to his second wife, Clara.

The next to die was Sabra Edens, Jr., leaving as her heirs-at-law her mother, her niece, Mary, and her three sisters and brother; her original interest of one-ninth, plus the interest inherited from her sister, Nellie Herring, devolved upon the heirs named.

The next to die was Clara Godbold, leaving as her heirs-at-law her husband and one child, Duncan C. Godbold; her original interest of one-ninth, plus the interest inherited from her sister, Nellie Herring, plus the interest inherited from her sister, Sabra, Jr., devolved upon her husband, one-third, and her son, two-thirds; her husband has since died intestate, leaving his son, Duncan, as his sole heir-at-law.

The next to die was the widow, Sabra A. Edens, in October, 1910, leaving as her heirs-at-law her children, Annie Hamer (now Barrentine) and J. D. Edens, and her grandchildren, Mary McGilvary and Duncan C. Godbold, each of whom inherited a one-fourth interest in the several interest that had devolved upon Sara A. Edens, the widow.

It thus appears that the only persons who could possibly take an interest in the property upon the death of the life tenant, Mary McGilvary, are Annie Hamer (Barrentine), J. D. Edens, Duncan C. Godbold, Clara F. Herring, and the heirs-at-law of Mary McGilvary, all of whom have conveyed and quit-claimed the land to the plaintiff, except the last named.

It is a matter of no consequence *in this case,* whether Mary McGilvary took under the will a fee-simple title or a life estate, but in my opinion the ruling that she took a fee-simple title will create much confusion, should the question arise in some other case in which it would be extremely important. *It is a matter of consequence* whether or not the children of Mary McGilvary took as purchasers, which I have endeavored to show they did not.

I do not agre to the proposition: "That part of the codicil which provides that, in the event of the death of Mary McGilvary without issue, the property devised to her 'shall go back, and be the property of said T. N. Edens,' the testator, is a nullity, as a reversion is by operation of law, and not by deed or will."

Such a provision has over and over again been sustained and construed by the Court in cases of wills. The case cited of *Boyce v. Moseley,* 102 S. C., 361, 86 S. E., 771, I do not think sustains the proposition. The case involved the construction of a deed; it conveyed a life estate, with no provision for the passing of the fee; the fee necessarily remained in, *not reverted to,* the grantor. The deed provided that upon the termination of the life estate, the land should revert to the estate of the grantor. It could not do this, for it had never departed

from the grantor. If the phrase meant that the fee remained in the grantor, the law provided for that, and a direction to that effect was necessarily meaningless.

I think, for these reasons, that the result attained, that the plaintiff has the fee simple to the property, is sound.

MR. JUSTICE CARTER concurs.