15001

HUNGERPILLER *ET AL.* v. KELLER *ET AL.*

(6 S. E. (2d), 741)

330

May, 1939.

*Messrs. T. P. Taylor* and *W. R. Symmes,* for appellants,

*Mr. J. A. Merritt,* for respondents,

January 11, 1940.

*Per curiam.*

This action requires the interpretation and construction of a provision of the will of Harriett E. Smoak, who died testate about the year 1887, seized and possessed of a large tract of land then situated in Orangeburg County but now in Calhoun County. The matters and things involved in the action were referred to Honorable John S. Bowman, as Special Referee, to hear and determine all questions of law and fact. The Special Referee reported to the Court, finding appellants had no interest in the lands involved in the action, and that J. Lula Buyck Keller, respondent, was the owner in fee of same except several small lots sold by her prior to the institution of this action and recommended that the complaint be dismissed. Appellants filed exceptions to the report of the Special Referee, but the same were overruled by the Circuit Judge, and the report of the Special Referee confirmed and made the judgment of the Circuit Court. Appellants in due time perfected an appeal to this Court, excepting to the ruling of the Circuit Judge in five instances, but we feel that it is only necessary to answer three questions in order to properly dispose of this appeal, which questions will be hereinafter stated.

The appellants, Indiaola Hungerpiller and W. W. Jones, are the living children of the Anna E. Jones, mentioned in the provision of said will, which provision will be hereinafter set forth in full, and the appellants, Azalie Elkins, Marion Vaughn and Mildred Kennedy, are the children of Maude Hungerpiller, a deceased child of Anna E. Jones. Moseley Jones, another child of Anna E. Jones, died intestate and without issue in 1938. Anna E. Jones predeceased both Maude Hungerpiller and Moseley Jones.

Just a short time after the death of Anna E. Jones, her children, Maude Hungerpiller, Indiaola Hungerpiller, W. W. Jones, and Moseley Jones, called in commissioners in partition, and after a survey was made dividing into four

parts the land involved in this appeal, executed what purports to be fee-simple general warranty deeds each to the other and thereby partitioned same, each going into possession of his or her share.

Several years after this division or partition of the property, Moseley Jones, who it seems took as his share approximately sixty-seven (67) acres of said land, sold and conveyed his parcel or lot thereof to W. F. Buyck, who in the course of time conveyed same to one of the respondents, J. Lula Buyck Keller, and she subsequently thereto conveyed parts thereof to the other respondents. Appellants contend that they are the owners in fee simple of the Moseley Jones tract of land by virtue of a certain provision of the will of Harriett E. Smoak. The pertinent provision of the will reads as follows: "The balance and remainder of my property to be kept together by the said Trustees until the death of my said niece, Anna E. Jones, and the income thereof used for the support and maintenance of my said niece and for her bodily issue other than the said Hattie E. Jones and upon the death of my said niece, Anna E. Jones, to be divided among the bodily issue of my said niece, Anna E. Jones, living at the time of her death, other than the said Hattie E. Jones, *per stirpes, and not per capita*; provided, however, that if any of the children of the said Anna E. Jones, should die either before or after the time fixed herein for final distribution of my estate without leaving bodily issues living at the time of such death, then the share or shares of the one or ones so dying shall revert to my said trustees to be distributed among the other bodily issue of my said niece, Anna E. Jones, other than the said Hattie E. Jones, in the manner above provided, that is *per stirpes*." (Italics added.)

We feel that a proper conclusion reached after considering the following queries will determine the issues involved in this action: (1) What estate did Moseley Jones own at the time of his death under the quoted provision of the will of Harriett E. Smoak? (2) Was the interest of Moseley

Jones and the others who were similarly provided for by said provision of said will transmissible *inter vivos*? (3) Are appellants or any of them estopped to claim any interest in the real estate involved?

In construing this provision of the will of Harriett E. Smoak we must be guided by that cardinal precept in the construction of wills which requires that the intention of the testatrix be ascertained from the language used in the will, and having ascertained what the true intention of the testatrix was, to give full force and effect thereto, unless such intention be violative of some well-settled and established principle of law.

The testatrix gives to the trustees the balance and remainder of her property to be held together for the support and maintenance of Anna E. Jones and her bodily issue and at her death said property is to be divided among the bodily issue of Anna E. Jones living at the time of her death *per stirpes* and not *per capita*; provided, however, that should any of the children of Anna E. Jones die before or after the time for final distribution (which without doubt is the death of Anna E. Jones) without leaving bodily issue living at the time of such death, the property is to revert to the trustees for distribution among the other bodily issue of Anna E. Jones *per stirpes*.

We feel that the testatrix could not have more clearly demonstrated her intention that (1) Anna E. Jones and her bodily issue should be cared for and supported by the income from this land during the lifetime of Anna E. Jones; (2) that upon the death of Anna E. Jones her bodily issue should take a fee simple estate in said property, not absolute, but subject to being divested upon his or her death without leaving bodily issue living at the time of such death; (3) that in such event, that is to say, in the event of the death of any of the children of Anna E. Jones without leaving bodily issue living at such time, the property is to revert to

the trustees to be distributed among the bodily issue of Anna E. Jones *per stirpes.*

There is a limitation over to the bodily issue of Anna E. Jones *per stirpes* upon the occurrence of a contingency, that is to say, should any of the bodily issue of Anna E. Jones die either before or after the time for final distribution without leaving bodily issue living at the time of such death. The words, *per stirpes,* mean that the parties are to take by representation and not as individuals, and unless the proviso found in this clause of the will is to be absolutely nullified and no effect given thereto, we are forced to conclude that if any of the children of Anna E. Jones should die childless and another of such children die leaving bodily issue or child or children, said child or children of the deceased child of Anna E. Jones would take the interest of his, her or their parent in the property of the deceased childless child of Anna E. Jones.

The limitation over to the bodily issue of Anna E. Jones *per stirpes* cannot take effect as a remainder inasmuch as it is a well-settled precept of the law of real property that a remainder cannot be limited after a fee. However, the limitation over can be effected by an executory devise. Executory devises which take effect in derogation of estates previously limited by the same instrument are shown as shifting executory devises.

In the case of *Hudson et al. v. Leathers, et al.,* 141 S. C., 32, 139 S. E., 196, 201, Mr. Justice Blease, speaking for the Court, said:

"It is the opinion of this court that, upon his attaining his majority, the defendant Lois Hudson Leathers will take a fee-simple estate in the share allotted to him defeasible upon his death thereafter unmarried and childless. Should Lois attain his majority and then die unmarried and childless, the limitation over will be good as it is not in violation of the rule against prepetutities. Since Lois will, upon his attaining his majority, take a fee-simple estate in the

share allotted to him, the limitation over cannot take effect as a remainder, as it is a cardinal rule that no remainder can be limited after a fee. Such limitation can take effect, however, as an executory devise if it appear in a will as in this case. * * *

"Clearly, it was the intention of testatrix that Lois should have, upon his attaining his majority, a fee-simple estate in the share allotted to him, not absolute, but subject to be divested upon his death thereafter unmarried and childless. The limitation over, upon the happening of said event, was to take effect in derogation of the estate previously limited to him, and is that branch of a conditional limitation known as a shifting executory devise."

In Tiffany on Real Property, Vol. 1, Second Ed., Sec. 160, it is said:

" * * * Shifting uses and executory devises which thus take effect in derogation of estates previously limited by the same instrument are frequently termed 'conditional limitations.'

"A devise in favor of a person or persons not in being or not ascertained, not creating a contingent remainder, is necessarily an executory devise, since it creates, not an estate, but merely a possibility of an estate. Such is a devise to the heirs of a person living at testator's death, to the children of one who has no children at testator's death, or to all the grandchildren of testator who arrive at the age of twenty-one, none having yet arrived at that age. There can be no question as to the validity of such a devise to persons not in being or not ascertained."

If the vesting of the estate is made to depend upon a contingency or if the taker thereof is not with certainty ascertained, the executory devise is contingent and is in the nature of a contingent remainder. *Hudson v. Leathers et al., supra.*

The Special Referee held that the case of *Hudson et al. v. Leathers et al.,* was controlling of the issues presented by

the facts of this case, but the facts considered by the Court in the *Hudson case* are so widely at variance with the facts of the case at bar that it cannot and does not guide us in deciding the issues now before the Court.

In the Hudson case, by Item 2, William T. Hudson and W. Austin Hudson were appointed as trustees for Lois Hudson Leathers, and by Item 4 of the will, the testatrix directed that the trustees hold said property until Lois Hudson Leathers attained his majority; that during his minority the income therefrom be expended for his maintenance and education and should Lois Hudson Leathers die before attaining his majority the trustees are directed to divide the portion of Lois Hudson Leathers among the other devisees according to the terms of the will, and further, that if Lois Hudson Leathers died after attaining his majority unmarried and childless, his portion of the property was to be divided equally among the other devisees (children of the testatrix) in accordance with the terms of the will. There was a provision in that will which provided for the husband of the testatrix, but he predeceased the testatrix. Therefore, the question of the correct disposition of his share of the property was not before the Court. Item 6 of the will directed that the provisions made for the children of the testatrix should enure to the benefit of any children they might leave living in case they or any of them predeceased testatrix, "that is to say, I intend such provision to be *per stirpes."* The testatrix predeceased all of her children. Therefore, the testatrix having predeceased all of her children, the provision made by Item 6 for her grandchildren was no longer of any force and effect, and the children of the testatrix were the ultimate devisees because of the testatrix having predeceased them. Therefore, the children of the testatrix took an executory transmissible interest because the contingency upon which this property would vest in the grandchildren no longer existed and the ultimate devisees were in existence and ascertained.

In the case at bar, there is still a contingency, that in the event any child of Anna E. Jones should die without leaving bodily issue living at the time of such death, the property is to revert to the trustees and be distributed among the other bodily issue of Anna E. Jones *per stirpes*. It is impossible at this time to ascertain who the ultimate devisees under the will of Harriett E. Smoak will be. This cannot be ascertained until the death of all of the children of Anna E. Jones. To so hold would, as heretofore stated, absolutely nullify the effect of the proviso attached to the disposition of this property by the testatrix and absolutely defeat her intention. We are constrained to hold that the children of Anna E. Jones, under the provision of the will heretofore quoted, took a fee defeasible estate. Upon the death of any of the children of Anna E. Jones without leaving bodily issue living at the time of such death, his or her estate would be divested, and vested in the surviving child or children of Anna E. Jones and the child or children of any deceased child or children of Anna E. Jones. The estate vesting in the surviving child or children of Anna E. Jones is a fee defeasible subject to be divested by their death without leaving bodily issue living at the time of such death. By executory devise the child or children of any deceased child or children of Anna E. Jones, along with any child or children born to the appellants, Indiaola Hungerpiller and W. W. Jones, take a fee simple absolute in the property. But the fee would be subject to open up and embrace any issue or children born to the appellants, Indiaola Hungerpiller and W. W. Jones.

In the case of *Blackwell v. Harrelson,* 99 S. C., 264, 84 S. E., 233, 235, Ann. Cas., 1916-E, 1263, Mr. Justice Watts, delivering the opinion of the Court, affirmed the decree of the Circuit Judge, and made same the judgment of this Court, and in affirming said decree, said: "I think it is true, as contended by plaintiff, that the deed of Charles H. Harrelson to Ella J. Harrelson is of no more effect than a

quitclaim deed, but that is not sufficient to prevent the application of the rule of estoppel. Under the law of this state, a quitclaim deed is sufficient to convey an absolute fee-simple title, and, though the deed in question was in effect a quitclaim deed, yet it is sufficient to estop the grantor. *Martin v. Ragsdale,* 71 S. C., 67, 50 S. E., 671."

The appellants, Indiaola Hungerpiller and W. W. Jones, as heretofore stated, by general warranty deed undertook to convey a fee simple estate to Moseley Jones in the sixty-seven acre tract of land which is involved in this cause.

In the case of *Wingo c. Parker,* 19 S. C., 9, Mr. Justice McIver, writing the opinion with the Court, said: "The only remaining question is that raised by the third ground of appeal. We agree with the Circuit judge that, if the deed to Edwards was intended to be a simple power of attorney, the clause of warranty contained in it would not operate as a bar to the right of James A. Wingo to recover his share of the land as one of the heirs of his deceased wife; but that, if the deed was intended as an absolute conveyance, then such conveyance, by virtue of this warranty would operate, by way of estoppel, as a transfer of the title subsequently acquired by him, upon the principles established by the cases of *Craig v. Reeder,* 3 McCord, 411; *Harvin v. Hodge,* Dud. [23], 25, recognized in *Starke v. Harrison,* 5 Rich., 7."

Under the foregoing authorities, we have reached the inescapable conclusion that the appellants, W. W. Jones and Indiaola Hungerpiller, having by general warranty fee simple deeds conveyed away their interest in the estate or property involved in this action, are estopped to claim any interest in the estate of their deceased brother, Moseley Jones.

We have not considered the queries heretofore set forth separately, but each of them has been disposed of by the conclusions heretofore reached.

It is the judgment of this Court that the judgment of the Circuit Court be, and the same is hereby, reversed, and remanded with instructions to enter judgment in accordance with the conclusions herein expressed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.

MR. CHIEF JUSTICE STABLER did not participate in the decision of this case.